**E-FILED**
Thursday, 23 February, 2006  03:47:42 PM
Clerk, U.S. District Court, ILCD

# In the United States District Court

## For the Central District of Illinois

### Urbana Division

Amy Joan Schneider,                            )
                Plaintiff,        )
v.                                             )
                                            )
Hon. John K. Greanias                          )
253 E. Wood St.                                )
Decatur IL  62523                              )
                                            )     Case No: ___06mc2008___
Hon. Albert G. Defendant Webber IV             )
253 E. Wood St.                                )
Decatur IL  62523                              )
                                            )
Hon. Scott B. Diamond                          )
253 E. Wood St.                                )
Decatur IL  62523                              )
                                            )
Hon. Mitchell K. Shick                         )
651 Jackson St., 2nd Floor                     )
Charleston IL  61920                           )
                                            )
James T. Jackson                               )
484 S Delmar Ave                               )
Decatur, IL 62522                              )
                                            )
Bridget C. Hogan                               )
2660 S Forrest Green Dr                        )
Decatur, IL 62521                              )
                                            )
Kurt B. Bickes                                 )
2901 Blackstone Dr                             )
Decatur, IL 62522                              )
                                            )
Andrew Bourey                                  )
130 Fenway Dr                                  )
Decatur, IL 62521                              )
                                            )
Benito DiTerlizzi                              )
5067 E. 26th Drive                             )
Bellingham WA  98226                           )
                                            )
Dan Coates and Karen Coates                    )
4305 Travis St                                 )
San Angelo, TX 76903                           )
                                            )
and Persons Yet Unknown,                       )
                                            )
            Defendants.

**FILED**

FEB 2 3 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

# MOTION FOR LEAVE TO FILE

COMES NOW Plaintiff Amy Joan Schneider with her Motion for Leave to File, and in support thereof states as follows:

1)    On January 10, 2006, Honorable Chief Judge Michael P. McCuskey entered an order requiring Plaintiff Amy Joan Schneider to first obtain leave of court before filing any future lawsuits, pleadings or motions with this court.

2)    Pursuant to Judge McCuskey's January 10, 2006 order, Plaintiff Amy Joan Schneider hereby moves the court for leave to file her Civil Rights Complaint and Motion and Affidavit to Proceed In Forma Pauperis, which original copies are attached hereto.

Wherefore, Plaintiff Amy J. Schneider prays for an order granting her motion for leave of court to file her Civil Rights Complaint and Motion and Affidavit to Proceed In Forma Pauperis.

DATED: <u>02/22/2006</u>

Respectfully submitted,

Amy Joan Schneider
Plaintiff, Pro se
205 Saratoga Road
Normal IL  61761
309-452-7466

RECEIVED

FEB 23 2006

U.S. CLERK'S OFFICE
URBANA, IL

**In the United States District Court**
**For the Central District of Illinois**
**Urbana Division**

Amy Joan Schneider,                          )
                                             )
                        Plaintiff,           )
                                             )
v.                                           )
                                             )
Hon. John K. Greanias                        )
253 E. Wood St.                              )
Decatur IL  62523                            )
                                             )   Case No: _Ob mc 2008_
Hon. Albert G. Defendant Webber IV,          )
253 E. Wood St.                              )
Decatur IL  62523                            )
                                             )
Hon. Scott B. Diamond                        )
253 E. Wood St.                              )
Decatur IL  62523                            )   **VERIFIED COMPLAINT WITH**
                                             )   **DECLARATORY AND**
Hon. Mitchell K. Shick                       )   **PROSPECTIVE INJUNCTIVE**
651 Jackson St., 2nd Floor                   )   **RELIEF**
Charleston IL  61920                         )
                                             )
James T. Jackson                             )
484 S Delmar Ave                             )
Decatur, IL 62522                            )
                                             )
Bridget C. Hogan                             )   **JURY DEMAND**
2660 S Forrest Green Dr                      )   **ENDORSED HEREON**
Decatur, IL 62521                            )
                                             )
Kurt B. Bickes                               )
2901 Blackstone Dr                           )
Decatur, IL 62522                            )
                                             )
Andrew Bourey                                )
130 Fenway Dr                                )
Decatur, IL 62521                            )
                                             )
Benito DiTerlizzi                            )
5067 E. 26th Drive                           )
Bellingham WA  98226                         )
                                             )
Dan Coates and Karen Coates                  )
4305 Travis St                               )
San Angelo, TX 76903                         )
                                             )
and Persons Yet Unknown,                     )
                                             )
                        Defendants.          )

## CIVIL RIGHTS COMPLAINT

## **INTRODUCTION**

1.    Under Illinois law, the probate court lacks jurisdiction to establish a

guardianship for minor children when a parent's whereabouts are known and they

are willing and able to make and carry out day to day child care decisions. Under

United States and Illinois law, a fit parent may petition the court to be named

guardian of that parent's natural children.

2.    Under the provisions of the United States Constitution, every fit parent has a

material liberty interest and right to rear their minor children and to maintain a

parent-child relationship.

3.    The Illinois Probate Act of 1975 is unconstitutional.

4.    **Plaintiff** is now, and at all times relevant to this complaint been, the natural

parent of two children, Kaela Elizabeth Sliney, born June 21, 1988 and Joshua

Matthew Sliney, born October 22, 1989.  In her June 26, 1991, McLean County,

Illinois Circuit Court divorce decree (#90-D-617) **Plaintiff** was adjudged the

custodial parent of her two minor children by. Kaela and Joshua have three siblings:

Hailey, 11, Eros, 7, and Tia, 2.

5.    On September 25, 2003, A hearing was held before Defendant Jurist Scott B.

Diamond, in which Defendant Diamond stated the following:

> Right.  Right.  And that's based on those facts.  You're now alleging
> different facts.  You're now alleging that they breached the agreement; that
> we all thought perhaps that there was a – it was supposed to be a one year
> thing, but now they've extended it past it, and I'm saying it's a separate
> issue whether or not they could do that, and I'm saying I think you could
> state a cause of action for a change of circumstances because the facts are
> different that the first case… (Transcript of 09/25/2003, p. 5, ln. 21)
> *Attached 1., Agreement attached 2, Docket Sheet 03-P-348 attached 3*

6.  **On October 6, 2003 Plaintiff** filed a new and separate action in the Macon County state court, **03-P-348, where Plaintiff filed a complaint stating a separate cause of action and a different set of facts** to address **Plaintiff's** constitutional claims involving rights to procedural and substantive due process claims pursuant to the IMDMA, the Probate Act of 1975 and the UCCJA. Plaintiff was denied a notice and a hearing on her separate summons and complaint cause of action. This is the Action that Plaintiff now seeks to have addressed before this Court, as *Plaintiff has had no trial, notice or herring in this case, ever. There has been no order issued in the case and the District Court can not possibly review a state court order that does not exist.*

7.  Plaintiff seeks relief for continuing violation of **Plaintiff's** rights guaranteed under the Constitution of the United States to be free of intimidation, racial discrimination, false legal representations and sham legal process; and **Plaintiff's** entitlement to due process and equal protection under the law pursuant to the Illinois Constitution of 1970, Art. I, § 2, ("**Ill. Const. Art. I § 2**") the uniformity clause of the Illinois Constitution of 1970, Art. IX, § 2, ("**Ill. Const. Art. IX § 2**"), the Illinois Marriage and Dissolution of Marriage Act ("**IMDMA**"), § 750 ILCS 5/601; the Uniform Child Custody Jurisdiction Act ("**UCCJA**"), § 750 ILCS 35/3; and the Illinois Estates Probate Act of 1975 ("**The Probate Act of 1975**"), 755 ILCS 5/11.

## JURISDICTION

8.  Jurisdiction of the Court is invoked pursuant to 28 USC § 1332 (a) (1). **Plaintiff** Amy Joan Schneider is a citizen of the state of Illinois while Defendants **Dan Coates** and **Karen Coates** are citizens of the state of Texas and Defendant

- 3 -

Benito **DiTerlizzi** is not a United States citizen however is a resident of the State of Washington.

9.    Defendant jurists **Greanias, Webber, Diamond, Shick,** and defendants **Jackson, Hogan, Bickes**, and **Bourey** are residents of the State of Illinois and members of the Illinois Bar.  **Greanias, Webber, Shick,** and **Diamond** are residents of the State of Illinois and jurists employed by the state of Illinois.  All defendants will be collectively referred to as "defendant jurists."

10.    This is a civil action for declaratory and prospective injunctive relief pursuant to 28 USC § 2201 and 2202 to redress the continuing violations of federal law, deliberate retaliation and intimidation by state actors against **Plaintiff**'s exercise **Plaintiff**'s of federal rights under the Civil Rights Act of 1871, intimidation and retaliation against **Plaintiff** based on race due to her association with an African American man.  **Plaintiff** has given natural child birth to three African American children, who at all times relevant have lived with **Plaintiff**, and **Plaintiff**'s African American children, and Caucasian children. Defendants whom the defendants have intentionally and maliciously effected the segregation of **Plaintiff**'s children based on race and effectively separated and severed any and all contact between mother and her natural Caucasian children and between African American brother and sisters and Caucasian brothers and sister; and **Plaintiff** attempted to raise the issue of Defendants direct and willful involvement in racketeering activities in the state courts of Illinois Defendants' in violation of 18 USC 1951 ***"The Hobb's Act"*** and civil rights crimes in violation of 18 USC 241 and 18 USC 242, "***The Klan Act***" but was precluded from doing so by the state court rules and procedures and direct

- 4 -

involvement and duplicity of the Macon County Illinois Jurists named herein.

11.    The rights sought to be enforced include **Plaintiff**'s rights guaranteed under the **IMDMA**, the **UCCJA** and the **Probate Act of 1975**, the Constitution of the United States to be free of intimidation, false legal representations and sham legal process; and **Plaintiff**'s entitlement to due process and equal protection under the law pursuant to the Illinois Constitution of 1970, Art. I, § 2, ("**Ill. Const. Art. I § 2**") the uniformity clause of the Illinois Constitution of 1970, Art. IX, § 2, ("**Ill. Const. Art. IX § 2**")

12.    **Plaintiff** challenges the constitutionality of **IMDMA, UCCJA** and **The Illinois Probate Act of 1975**, and states that these state statutes are wholly unconstitutional and in direct violation of **Plaintiff**'s First, Fifth, Eighth, Eleventh, and Fourteenth Amendments to the United States Constitution, and are therefore void and must be held for naught.

13.    **Plaintiff** seeks to redress the intentional harm done to **Plaintiff**'s protected rights under United States Supreme Court Doctrine, and seek to enjoin Defendants who are state officers acting unconstitutionally and whose actions continue to violate the Constitution and are directly contrary to a federal statute and regulation that is the supreme law of the land, as more specifically outlined in United States Supreme Court opinion, *Stanley v. Illinois* (1972).

14.    **Plaintiff** seeks redress from Defendants' fraud and racketeering in the state courts of Illinois in violation of Title 18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights crimes based on race in violation of 18 USC § 241 and 18 USC § 242, "*The Klan Act*".

- 5 -

15. The issue before this court is the violation of **Plaintiff**'s civil rights pursuant to Title 42 USC §§ 1981, 1983 and 1985 in which jurisdiction and venue is proper as it raises federal questions and constitutional issues.

16. The rights sought to be enforced include **Plaintiff**'s rights guaranteed under the Constitution of the United States to be free of intimidation, racial discrimination, false legal representations and sham legal process; and **Plaintiff**'s entitlement to due process and equal protection under the law pursuant to the Ill. Const. Art. I § 2, the uniformity clause of the Ill. Const. Art. IX § 2, the **IMDMA, UCCJA**, and **The Illinois Probate Act of 1975**.

17. **Plaintiff** challenges and declares unconstitutional the Illinois Marriage and Dissolution of Marriage Act ("**IMDMA**"), § 750 ILCS 5/601; the Uniform Child Custody Jurisdiction Act ("**UCCJA**"), § 750 ILCS 35/3; and the Illinois Estates Probate Act of 1975 ("**The Probate Act of 1975**"), 755 ILCS 5/11, because each act has in this case been subverted and manipulated by the defendants named herein to defeat the substantive procedural due process, and equal protection provisions of the United States Constitution which guarantee protections and preservation of **Plaintiff**'s property interest rights and liberty interest rights. **Plaintiff** has been precluded from raising the issue of the unconstitutional laws in the state court because of state court procedures/rules and the overwhelming factor of defendants **Greanias, Diamond, Webber**, and **Shick** being complicit hearing officers in control of the state court and using the power of their judicial office along with their collective, political, retaliatory, discriminatory, conspiratorial actions which have continually deprived **Plaintiff** of any and all meaningful timely access to the court,

- 6 -

and their continuing unconstitutional acts which the **Plaintiff** could not overcome in the state court.

18.     The rights sought to be enforced include **Plaintiff**'s rights under United States Supreme Court Doctrine, and to enjoin Defendants who are state officers acting unconstitutionally under color of state law and whose actions continue to violate the Constitution directly and act contrary to a federal statute and regulation that is the supreme law of the land, as more specifically outlined in United States Supreme Court, *Stanley v. Illinois* (1972) doctrine.

19.     Jurisdiction of this action is based upon federal question jurisdiction pursuant to 28 USC §§ 1331, 1331(a), 1441(b), 1441(c), 1443, 1446 and the Due Process Clause of Article XIV of the United States Constitution.

20.     This court has jurisdiction over **Plaintiff**'s common law claims, infra, and venue is proper pursuant to 28 USC § 1391.

21.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## PARTIES

### PLAINTIFF

22.     **Amy Joan Schneider** - hereinafter "**Plaintiff**" is a white resident of McLean County, Illinois and at all times pertinent hereto the natural mother of Kaela Elizabeth Sliney born 06/21/88, Joshua Matthew Sliney born 10/22/89, ("**Plaintiff**'s Caucasian children") Hailey Celine Patterson born 03/31/94, Wayne "Eros" Patterson born 02/14/98, and Tia Josephine Patterson born 03/15/03 ("**Plaintiff**'s African American children").  **Plaintiff**'s parental rights have never been terminated by any Court of law and she has never voluntarily relinquished her parental rights.

## DEFENDANTS

23.    **Hon. John K. Greanias** – hereinafter "**Judge Greanias**" is a Caucasian resident of Macon County, Illinois and at all times pertinent hereto a member of the Bar of the State of Illinois, a subdivision of the Supreme Court of Illinois and an employee of Macon County, Illinois as the Presiding Judge of the Illinois Sixth Judicial Circuit. Defendant **Greanias** is sued in his official and individual capacity.

24.    **Hon. Albert G. Webber IV** – hereinafter "**Webber**" is a Caucasian resident of Macon County, Illinois and at all times pertinent hereto a member of the Bar of the State of Illinois, a subdivision of the Supreme Court of Illinois and an employee of Macon County, Illinois as Sixth Judicial Circuit Court judge. Defendant **Webber** is sued in his official and individual capacity.

25.    **Hon. Scott B. Diamond** – hereinafter "**Diamond**" is a Caucasian resident of Macon County, Illinois and at all times pertinent hereto a member of the Bar of the State of Illinois, a subdivision of the Supreme Court of Illinois and an employee of Macon County, Illinois as Sixth Judicial Circuit Court judge. Defendant **Diamond** is sued in his individual and official capacity.

26.    **Hon. Mitchell K. Shick** – hereinafter "**Shick**" is a Caucasian resident of Coles County, Illinois and at all times pertinent hereto a member of the Bar of the State of Illinois, a subdivision of the Supreme Court of Illinois and an employee of Macon County, Illinois as Fifth Judicial Circuit Court judge. **Defendant Shick** is sued in his individual and official capacity.

27.    **James T. Jackson** – hereinafter "**Jackson**" is a Caucasian resident of Macon County, Illinois and at all times pertinent hereto a member of the Bar of the State of

- 8 -

Illinois, a subdivision of the Supreme Court of Illinois and a practicing attorney at

Samuels, Miller, Schroeder, **Jackson** and Sly ("SMSJS") of Macon County, Illinois.

Defendant **Jackson** is sued in his individual and official capacity.

28.   **Bridget C. Hogan** – hereinafter "**Hogan**" is a Caucasian resident of Macon

County, Illinois and at all times pertinent hereto a member of the Bar of the State of

Illinois, a subdivision of the Supreme Court of Illinois and a practicing attorney at

Samuels, Miller, Schroeder, **Jackson** and Sly of Macon County, Illinois.   **Hogan** has

appeared as counsel in place of **Jackson** throughout the underlying case.   Defendant

**Hogan** is sued in her individual and in her official capacity.

29.   **Kurt B. Bickes** – hereinafter "**Bickes**" is a Caucasian resident of Macon

County, Illinois and at all times pertinent hereto a member of the Bar of the State of

Illinois, a subdivision of the Supreme Court of Illinois and a practicing attorney at

**Bickes**, Wilson and Moss of Macon County, Illinois.   Defendant **Bickes** is sued in

his individual and official capacity.

30.   **Andrew Bourey** – hereinafter "**Bourey**" is a Caucasian resident of Macon

County, Illinois and at all times pertinent hereto a member of the Bar of the State of

Illinois, a subdivision of the Supreme Court of Illinois and an Attorney at **Bourey**

Law Office of Macon County, Illinois.   **Bourey** is an individual who has acted under

color of state law. Defendant **Bourey** is sued in his individual capacity and in his

official capacity.

31.   **Karen Coates** – hereinafter "**K Coates**" is a Caucasian resident of Tom Green

County, Texas and at all times pertinent hereto was labeled "Intervenor" by the

conspiring hearing officers in the underlying guardianship case in Macon County,

- 9 -

Illinois. **K Coates** is **Plaintiff**'s sister. **K Coates** is sued in her individual capacity and as trustee of the Children's trust fund.

32.    **Dan Coates** – hereinafter "**D Coates**" is a Caucasian resident of Tom Green County, Texas and at all times pertinent hereto was labeled Intervenor by the duplicitous conspiring hearing officers in the underlying guardianship case in Macon County, Illinois. Dan **Coates** is Karen **Coates'** husband. **D Coates** is sued in his individual capacity.

33.    Benito **DiTerlizzi** – hereinafter "**DiTerlizzi**" is a Caucasian resident of King County, Washington and at all times pertinent hereto was surviving co-guardian in the underlying guardianship case in Macon County, Illinois. The **DiTerlizzi**s were appointed co-guardians in March 1995. **DiTerlizzi** is sued in his individual capacity.

## FACTS

34.    In May 1988, Mark Sliney and **Plaintiff** were married in Bloomington, McLean County, Illinois. During their marriage, Mark and **Plaintiff** became the natural parents of two Caucasian children, Kaela Elizabeth Sliney, born June 21, 1988 and Joshua Matthew Sliney, born October 22, 1989. In the divorce decree entered June 26, 1991, (#90-D-617) **Plaintiff** was adjudged as the custodial parent of their two minor children by the McLean County Circuit Court. Kaela and Joshua have three African-American siblings: Hailey 11, Eros 7, and Tia 2.

35.    Beginning on or about August 14, 2002 and over the subsequent two weeks culminating on August 28, 2002, defendant **K Coates**, from her home in San Angelo, Texas, being motivated by greed and the same invidious discriminatory

- 10 -

animus of **Plaintiff**'s family in November, 1993, deliberately initiated a
conspiratorial series of events to steal **Plaintiff**'s two Caucasian children so that they
would permanently live in **Defendant's** home in Texas so Defendants could profit
from trust fund moneys. **Plaintiff**'s children were removed from their guardian's
home in Washington without following the due process and constitutional mandates
necessary, and defendants' K Coates and DiTerlizzi's actions circumvented
**Plaintiff**'s parental rights under the constitution.

36.    For more than two years and at all times relevant to this complaint, the state
courts conspired and prevented **Plaintiff**'s challenge to the rules and procedures
intended to protect her constitutional right to a parent child relationship with her
Caucasian children.

46.    On or about October 6, 2003, and at other times between that date and the
present, **Plaintiff** has filed Leave to Appeal, Writs of Mandamus and Writs of
Prohibition with the Illinois Supreme Court attempting to get her constitutional
questions addressed or to compel the trial court to afford **Plaintiff** her constitutional
guaranteed rights of due process and equal protection.

47.    On each and every occasion before the Supreme Court, **Plaintiff** has been
denied leave to proceed by Illinois Supreme Court Justice Rita B. Garman, who
initially presides over all pleadings filed from within the Fourth District courts.

48.    Beginning on or about October 6, 2003, and at times between that date and the
present, **Plaintiff** filed in the state court motions/verified petitions regarding being
named guardian, the fake and fraudulent guardianship being maintained by the trial
court and contact or visitation some type visitation with plaintiff's natural children.

- 11 -

49.   Beginning on or about October 6, 2003 and at times between that date and the present, Defendant jurists **Diamond**, **Webber**, **Greanias**, and **Shick** all refused to address **Plaintiff**'s motions regarding the status of the guardianship, termination of the guardianship and/or **Plaintiff's** right to due process and a parent child relationship.

50.   Beginning on or about October 6, 2003, and at times between that date and the present, **Plaintiff** requested and served notice of hearings on **Plaintiff**'s motions regarding the fake and fraudulent  guardianship of **DiTerlizzi**'s and/or **Plaintiff's** right to due process and a parent child relationship.

51.   Beginning on or about October 6, 2003 and at times between that date and the present, Plaintiff filed in the Macon County Illinois court a new petition to terminate all guardianships, be named successor guardian, and be named short-term guardian of her two Caucasian children, ("case **03-P-348**"), to address Plaintiff's due process constitutional rights to parent her children and to have a parent child relationship with her children.

52.   Beginning on or about October 6, 2003 and at all times between that date and the present, due to the collective efforts of the named defendants to defeat **Plaintiff's** due process rights, **Plaintiff** was never afforded a notice and a hearing on case 03-P-348.

53.   On January 8, 2005, and at times between that date and the present, **Plaintiff** entered verified emergency petitions to be named successor guardian of her children, to terminate **DiTerlizzi**'s guardianship, and to substitute Judge **Webber** for cause.

54.   On February 2, 2005, Defendant **Webber** violated several state of Illinois

- 12 -

statutes and violated **Plaintiff**'s rights under the United States Constitution and the

Illinois Constitution. Defendant **Webber** heard Defendant **K Coates**'s Petition to be

Named Successor Guardian of **Plaintiff**'s children while refusing to hear

parent/**Plaintiff**'s motions to: 1) terminate **DiTerlizzi**'s guardianship; 2) be named

successor guardian; and 3) be named temporary guardian.

55.    On April 7, 2005, **Plaintiff** filed her Motion to Amend Third Party Defendants

into this Case and Complaint and sued Defendants **Greanias, Diamond, Webber,**

**Hogan, Bourey, Jackson** and **Bickes** in Macon County Circuit Court by having

each personally served with a Complaint and Summons.

56.    On April 19, 2005, and at other times between that date and the present,

Defendants **Webber** and **Shick** held hearings in which each forced **Plaintiff** to get

on the witness stand, under duress, whereupon named Defendants **Jackson, Bourey,**

**Bickes** and **Webber** proceeded to badger **Plaintiff** regarding the merits and issues

pled in **Plaintiff**'s federal Civil Rights Complaint which was pending in the United

States District Court.

57.    On April 20, 2005, The Illinois Supreme Court issued an order for Assignment

of Out-of-Circuit Judge. By its order, the Illinois Supreme Court removed

Defendant **Webber** and eliminated Defendants **Greanias** and **Diamond**'s

participation in the state probate cases.

58.    On April 21, 2005, Defendant **Webber**, absent all jurisdiction and after

discovering that he had been removed from the case by the Illinois Supreme Court

and after the case had been removed to Federal Court by **Plaintiff**, entered an angry

retaliatory untimely and void ruling into the court record in retaliation against

- 13 -

Plaintiff for a judgment of over $45,000.00. Defendant **Webber**'s order was without jurisdiction and was not a judicial act.

59.    On June 20, 2005, and at times between that date and the present, **Plaintiff** attempted to have her due process constitutional issues heard before defendant **Shick.** Defendant **Shick** would only set a future hearing for the co-defendants' motions for sanctions against **Plaintiff**. Defendant jurist **Shick** ordered Plaintiff "not to file notices of hearings."

60.    On or about August 28, 2005, Republican Supreme Court Justice Rita Garman returned the **Plaintiff**'s case to court of defendant **Webber** and has been there ever since.

61.    On or about September 1, 2005, and at other times between that date and the present, **Plaintiff** has filed for substitution of judge for cause, which on each occasion; including September 2, 2005 Defendant **Webber** illegally heard his own substitution motion and summarily dismissed the motions. Under Illinois state law, Defendant **Webber** was absent all jurisdiction to take any action on Plaintiff's motions for substitution.

62.    On February 3, 2006 as a retaliatory technique a clearly angry and biased defendant Webber entered a judgment against Plaintiff although he was absent all jurisdiction and his actions were non-judicial.

### COUNT ONE

### THE CIVIL RIGHTS ACT OF 1871
### Civil Action for Intimidation

A threat to inflict physical harm on person or property without lawful authority. Liability under a state civil rights statute is established if threats, intimidation, or coercion interferes with an individual's exercise or enjoyment of rights secured by law.

- 14 -

63.    **Plaintiff** hereby incorporates by reference paragraphs 1—62 as if fully restated herein.

64.    Defendant jurists **Webber, Greanias, Shick, Diamond**, and defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and any persons unknown have engaged in a number of acts of intimidation, each of which constitute separate counts, directed at **Plaintiff** as a fit parent, as a litigant in propria persona, as a witness, and as a resident of the state of Illinois in an effort to prevent and deter **Plaintiff** from pursuing her constitutional due process rights to a notice and a hearing, and to a parent and child relationship with **Plaintiff**'s two Caucasian children. All named defendants intended to and did prevent **Plaintiff** from parenting her Caucasian children and prevented **Plaintiff** from providing for her three African American children who live with **Plaintiff**. Named defendants relied on the tacit aid of the named jurist defendants in order to deny Plaintiff her due process rights, maintain and protect non-jurist defendants' conspiratorial scheme that personally profits all defendants politically and monetarily.

65.    **Plaintiff** has incurred over $400,000 in expenses and lost revenue defending against the acts threatening incarceration, foreclosure, garnishment and intimidation while Defendants unlawfully use the court to violate the due process equal protection of the **Plaintiff** and; the Defendants have in fact denied the **Plaintiff** due process, and the **Plaintiff** is without the means to overcome the denial of **Plaintiff**'s rights in the state court. Defendants acted jointly and severally; as a proximate cause of defendants' intentional, malicious and unlawful acts, **Plaintiff** has been

- 15 -

damaged.

66.     **Plaintiff** has been driven from her home, family, and career, by threats to her

safety including false incarceration due to her knowledge of defendants'

racketeering activity.

67.     The harm **Plaintiff** faces is irreparable and she has no adequate remedy of law

due to Defendants' control of the courts of Macon County which makes the courts of

Illinois not courts of law but a profit center and political weapon for those willing to

become involved in the unconstitutional conspiracy.

68.     Special damages ought to be assessed against Defendants **Hogan, Jackson,**

**Bickes, Bourey, D Coates, Hogan, DiTerlizzi**, and **K Coates**' by this Court in

order to compensate **Plaintiff** for the outrageous conduct by these Defendants in

depriving **Plaintiff** of her livelihood, and guaranteed constitutional protections,

Defendants depriving an oppressed **Plaintiff**, and abuse of the courts to protect

Defendants own involvement with deceitful profiteering and organized crime.

69.     Defendants' **Hogan, Bickes, Jackson, Bourey, DiTerlizzi, D Coates** and **K**

**Coates**, represented in open Court and via their pleadings, knowingly false and

fraudulent statements concerning **Plaintiff, Plaintiff**'s Caucasian children and

**Plaintiff**'s actions during **Plaintiff**'s New Years 2004 visit at **Plaintiff**'s home with

her children.

70.     Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K**

**Coates**, represented in open Court and via their pleadings, knowingly false and

fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

71.     The state court proceedings were influenced by racial bias, $300,000 in moneys

being paid out of **Plaintiff**'s children's trust fund to various individuals and law firms, including SMSJS, and were also unfair and politically biased because of attorney Nicholas Neiers and his SMSJS law firm's undue political influence over all the judges in the Decatur, Illinois Macon County court including Defendant **Greanias**, and any orders or findings produced by those proceedings were tainted, unfair and biased.

72.    The defendants engaged in this conspiratorial act to injure **Plaintiff** as a manifestation of greed and racial animus; and their actions have been suspiciously successful in the State court because of the deliberate, premeditated, illicit, unconstitutional, non-jurisdictional, and non-judicial aid of the Macon County Illinois jurists/conspirators/ defendants **Diamond**, **Webber**, **Shick**, and **Greanias**, who are all currently engaged in a continuing conspiracy to injure and intimidate **Plaintiff** as a manifestation of political and social bias and racial animus and a willful effort to aide the other defendants against **Plaintiff** ; and because of their illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement, and actions in furtherance of a conspiracy with **Hogan**, **Jackson**, **Bickes**, **Bourey**, **DiTerlizzi**, **D Coates**, **K Coates** and persons yet unknown to steal **Plaintiff**'s Caucasian children while using the inherent power of the state court to deny **Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff** access to the judicial process and due process equal protections as required by the constitution, in order for named defendants and persons yet unknown to all profit from **Plaintiff**'s Caucasian children's trust fund money.

73.    By committing these fraudulent and conspiratorial acts, the defendants named

- 17 -

herein intended to and did in fact injure and damage **Plaintiff**, **Plaintiff**'s African American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe emotional distress and psychological injury. These collective actions by defendants were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title 18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights crimes based on race in violation of 18 USC § 241 and 242, "*The Klan Act*".

## COUNT TWO

### Civil Action For Harm Resulting From Falsification

74.     **Plaintiff** hereby incorporates by reference paragraphs 1—74 as if fully restated herein.

75.     Defendant jurists **Webber, Greanias, Shick,** and **Diamond**, and defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates,** and any persons unknown have provided innumerable false statements in official proceedings in order to prevent **Plaintiff** from being heard in court, and to mislead the courts, public opinion, and the reviewing courts as to the truth of **Plaintiff**, her claims, and her witness's claims.

76.     The number false statements knowingly made in official proceedings by these Defendants is conservatively estimated to total in excess of over 200 separate counts.

77.     As a result, **Plaintiff** has been tormented and overwhelmed by these **Defendants'** paper terrorism and; Defendants intentionally denied **Plaintiff** access to the courts and a fair adjudication of **Plaintiff**'s constructional claims.

78.     **Plaintiff** has been denied the opportunity to earn a living; forcibly separated

- 18 -

from her two Caucasian children; and **Plaintiff** is disabled by the sustained,
intentional and unending mental, physical, and emotional trauma inflicted by these
Defendants and their intentional perversion of the judicial system in order to prevent
**Plaintiff** from exercising **Plaintiff**'s constitutional rights and to prevent **Plaintiff**'s
inquiry into their racketeering and civil rights crimes in violation of 18 U.S.C. §§
241, 242 and 1951.

79.    Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K
Coates**, represented in open Court and via their pleadings, knowingly false and
fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

80.    The state court proceedings were influenced by racial bias, $300,000 in moneys
being paid out of **Plaintiff**'s children's trust fund to various individuals and law
firms, including SMSJS, and were also unfair and politically biased because of
attorney Nicholas Neiers and his SMSJS law firm's undue political influence over
all the judges in the Decatur, Illinois Macon County court including Defendant
**Greanias**, and any orders or findings produced by those proceedings were tainted,
unfair and biased.

81.    The defendants engaged in this conspiratorial act to injure **Plaintiff** as a
manifestation racial animus and motivated by greed and personal profit; and their
actions have been successful in the State court because of the deliberate,
premeditated, illicit, unconstitutional, non-jurisdictional, and non-judicial aid of the
Macon County Illinois jurists/conspirators/defendants **Diamond, Webber, Shick,**
and **Greanias**, who are all currently engaged in a continuing conspiracy to injure
and intimidate **Plaintiff** as a manifestation of political and social bias and racial

- 19 -

animus and a willful effort to aide the other defendants against **Plaintiff** ; and because of their illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement, and actions in furtherance of a conspiracy with **Hogan**, **Jackson, Bickes, Bourey, DiTerlizzi, D Coates, K Coates** and persons yet unknown to steal **Plaintiff**'s Caucasian children while using the inherent power of the state court to deny **Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff** access to the judicial process and due process equal protections as required by the constitution, in order for named defendants and persons yet unknown to all profit from **Plaintiff**'s Caucasian children's trust fund money.

82.     By committing these fraudulent and conspiratorial acts, the defendants named herein intended to and did in fact injure and damage **Plaintiff**, **Plaintiff**'s African American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe emotional distress and psychological injury.  These collective actions by defendants were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title 18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights crimes based on race in violation of 18 USC § 241 and § 242, "*The Klan Act*".

### COUNT THREE

**Civil action for deprivation of rights pursuant to 42 USC Section 1983
Conspiracy to interfere with civil rights pursuant to 42 USC Section 1985**

83.     **Plaintiff** hereby incorporates by reference paragraphs 1—83 as if fully restated herein.

84.     Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and any persons unknown knowingly issued, displayed, delivered distributed or otherwise used sham legal process and or

used sham legal process to threaten arrest, and seize **Plaintiff** and or her property on at least five or more occasions, each of which comprises a single count.

85.    As a result of Defendants overreaching use of sham legal process and complete perversion of the legal justice system in Illinois, **Plaintiff** has been illegally been driven from her home, lost her right to file complaints in the state courts of Illinois, lost her formerly robust health, lost the companionship of her children and family, lost her formerly pristine reputation as a photographer and business woman, lost control of valuable business interests and was forced to payout over $400,000 in cost and lost wages in desperate and futile efforts to defend **Plaintiff**'s self from fixed Macon County legal proceedings.

86.    Punitive damages against defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi**, and **K Coates'** jointly and severally is necessary in order to adequately punish these Defendants for their use of sham legal process to prevent access to the courts to the public and to pervert the legal system in order to control case outcomes for their own personal gain. Defendants' **Hogan, Bickes, Jackson, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff**, **Plaintiff**'s Caucasian children and **Plaintiff**'s actions during **Plaintiff**'s New Years 2004 visit at **Plaintiff**'s home with her children.

87.    Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

88.    The state court proceedings were influenced by racial bias, $300,000 in moneys

- 21 -

being paid out of **Plaintiff**'s children's trust fund to various law firms, including

SMSJS, and were also unfair and politically biased because of attorney Nicholas

Neiers and his SMSJS law firm's undue political influence over all the judges in the

Decatur, Illinois Macon County court including Defendant **Greanias**, and any orders

or findings produced by those proceedings were tainted, unfair and biased.

89.    The defendants engaged in this conspiratorial act to injure **Plaintiff** as a

manifestation of greed and racial animus; and their actions have been suspiciously

successful in the State court because of the deliberate, premeditated, illicit,

unconstitutional, non-jurisdictional, and non-judicial aid of the Macon County

Illinois jurists/conspirators/ defendants **Diamond**, **Webber**, **Shick**, and **Greanias**,

who are all currently engaged in a continuing conspiracy to injure and intimidate

**Plaintiff** as a manifestation of political and social bias and racial animus and a

willful effort to aide the other defendants against **Plaintiff** ; and because of their

illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement,

and actions in furtherance of a conspiracy with **Hogan**, **Jackson**, **Bickes**, **Bourey**,

**DiTerlizzi**, **D Coates**, **K Coates** and persons yet unknown to steal **Plaintiff**'s

Caucasian children while using the inherent power of the state court to deny

**Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff**

access to the judicial process and due process equal protections as required by the

constitution, in order for named defendants and persons yet unknown to all profit

from **Plaintiff**'s Caucasian children's trust fund money.

90.    By committing these fraudulent and conspiratorial acts, the defendants named

herein intended to and did in fact injure and damage **Plaintiff**, **Plaintiff**'s African

- 22 -

American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe

emotional distress and psychological injury. These collective actions by defendants

were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title

18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights

crimes based on race in violation of 18 USC § 241 and § 242, "*The Klan Act*".

### COUNT FOUR

#### Civil Action for Intimidation by Threats or Violence
#### Pursuant to 18 USC 242, "The Klan Act"

91.     **Plaintiff** hereby incorporates by reference paragraphs 1 – 91 as if fully restated

herein.

92.     Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes,**

**Bourey, D Coates, DiTerlizzi, K Coates** and persons yet unknown have engaged in

a number of acts of intimidation, each of which constitute separate counts.

93.     Defendants have conspired to perpetuate the fraud and maintain a punishing,

protracted, court-induced attack upon **Plaintiff**'s character, reputation, lifestyle,

home, peace of mind, and ability to earn a living so that they financially and

politically benefited.

94.     The harm **Plaintiff** faces is irreparable and she has no adequate remedy of law

due to Defendants' control over the court record and evidence in the file. Because

of Defendants fraud upon the court, **Plaintiff**'s children have been illegally and

permanently separated along strict racial lines which make the courts of Illinois not

courts of law but a profit center and political weapon for those involved in the

unconstitutional conspiracy.

95.     Because of Defendants' frauds, threats, intimidation, garnishments, and false

criminal charges, **Plaintiff** has lost income in an amount in excess of $400,000.

96.    As a result of Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and any persons yet unknown unlawful acts and ongoing violations of federal law, **Plaintiff** has been denied the opportunity to earn a living in her profession; forcibly separated from her loving partner of over 14 years, her natural daughter age 17, and natural son age 16. **Plaintiff** has sustained unending mental, physical, and emotional trauma inflicted by these Defendants and their intentional perversion of the judicial system in order to prevent **Plaintiff** from having the mandated due process of a notice and a hearing, which constitutes racketeering and civil rights crimes in violation of 18 USC 1951, The Hobb's Act, and 18 USC 241 and 18 USC 242, The Klan Act.

97.    Special damages ought to be assessed by this Court against defendants **Diamond, Webber, Shick, Greanias, Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates** and persons yet unknown, in order to compensate **Plaintiff** for the outrageous conduct by these Defendants in depriving a mother of her children, depriving siblings of their companionship and family enjoyment, irreparable deprivation of **Plaintiff**'s Caucasian children of spending the family time with their closest living relatives during their tender years, depriving **Plaintiff** of her livelihood, and willful abuse of the courts to protect Defendants own involvement with this organized crime. Defendants' **Hogan, Bickes, Jackson, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff**, **Plaintiff**'s Caucasian children and **Plaintiff**'s actions during **Plaintiff**'s New Years

- 24 -

2004 visit at **Plaintiff**'s home with her children.

98.     Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

99.     The state court proceedings were influenced by racial bias, $300,000 in moneys being paid out of **Plaintiff**'s children's trust fund to various law firms, including SMSJS, and were also unfair and politically biased because of attorney Nicholas Neiers and his SMSJS law firm's undue political influence over all the judges in the Decatur, Illinois Macon County court including Defendant **Greanias**, and any orders or findings produced by those proceedings were tainted, unfair and biased.

100.    The defendants engaged in this conspiratorial act to injure **Plaintiff** as a manifestation of greed and racial animus; and their actions have been suspiciously successful in the State court because of the deliberate, premeditated, illicit, unconstitutional, non-jurisdictional, and non-judicial aid of the Macon County Illinois jurists/conspirators/ defendants **Diamond, Webber, Shick**, and **Greanias**, who are all currently engaged in a continuing conspiracy to injure and intimidate **Plaintiff** as a manifestation of political and social bias and racial animus and a willful effort to aide the other defendants against **Plaintiff** ; and because of their illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement, and actions in furtherance of a conspiracy with **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates, K Coates** and persons yet unknown to steal **Plaintiff**'s Caucasian children while using the inherent power of the state court to deny **Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff**

- 25 -

access to the judicial process and due process equal protections as required by the constitution, in order for named defendants and persons yet unknown to all profit from **Plaintiff**'s Caucasian children's trust fund money.

101.    By committing these fraudulent and conspiratorial acts, the defendants named herein intended to and did in fact injure and damage **Plaintiff**, **Plaintiff**'s African American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe emotional distress and psychological injury. These collective actions by defendants were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title 18 USC § 1961 *"The RICO Act"*, 18 USC § 1951 *"The Hobb's Act"* and civil rights crimes based on race in violation of 18 USC § 241 and § 242, *"The Klan Act"*.

### COUNT FIVE

#### Civil Action for Conspiracy Against Rights
#### Pursuant to 18 USC § 241

102.    **Plaintiff** hereby incorporates by reference paragraphs 1 – 102 as if fully restated herein.

103.    Defendants knowingly used sham legal process to threaten arrest, seize **Plaintiff**'s property and privileges, on at least 10 or more occasions, each of which comprises a single count.

104.    As a result of Defendants thwarting the Constitutional due process mandates, use of sham legal process and named Defendants' complete perversion of the legal justice system in Illinois, **Plaintiff** has been illegally separated from her two natural Caucasian children for going on 1300 days and inhumanly been driven from their lives, lost her formerly robust health, lost the companionship of her children, lost her formerly pristine reputation as a proprietor and business woman, lost control of

- 26 -

valuable business interests and was forced to pay out over $200,000 in futile efforts to defend herself from fixed legal proceedings.

105.  While nothing can ever replace the precious years of a child's development, years lost in this vicious battle to have **Plaintiff**'s Caucasian children rightfully returned to their family, punitive damages against the defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi**, and **K Coates**', and any persons yet unknown, is necessary in order to adequately punish these Defendants for their use of a sham legal process to prevent access of the courts to the public and to spoil the legal system in order to control case outcomes for their own political and financial gain.

106.  Defendants' **Hogan, Bickes, Jackson, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff, Plaintiff**'s Caucasian children and **Plaintiff**'s actions during **Plaintiff**'s New Years 2004 visit at **Plaintiff**'s home with her children.

107.  Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K Coates**, represented in open Court and via their pleadings, knowingly false and fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

108.  The state court proceedings were influenced by racial bias, $300,000 in moneys being paid out of **Plaintiff**'s children's trust fund to various law firms, including SMSJS, and were also unfair and politically biased because of attorney Nicholas Neiers and his SMSJS law firm's undue political influence over all the judges in the Decatur, Illinois Macon County court including Defendant **Greanias**, and any orders or findings produced by those proceedings were tainted, unfair and biased.

109. The defendants engaged in this conspiratorial act to injure **Plaintiff** as a manifestation of greed and racial animus; and their actions have been suspiciously successful in the State court because of the deliberate, premeditated, illicit, unconstitutional, non-jurisdictional, and non-judicial aid of the Macon County Illinois jurists/conspirators/ defendants **Diamond**, **Webber**, **Shick**, and **Greanias**, who are all currently engaged in a continuing conspiracy to injure and intimidate **Plaintiff** as a manifestation of political and social bias and racial animus and a willful effort to aide the other defendants against **Plaintiff** ; and because of their illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement, and actions in furtherance of a conspiracy with **Hogan**, **Jackson**, **Bickes**, **Bourey**, **DiTerlizzi**, **D Coates**, **K Coates** and persons yet unknown to steal **Plaintiff**'s Caucasian children while using the inherent power of the state court to deny **Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff** access to the judicial process and due process equal protections as required by the constitution, in order for named defendants and persons yet unknown to all profit from **Plaintiff**'s Caucasian children's trust fund money.

110. By committing these fraudulent and conspiratorial acts, the defendants named herein intended to and did in fact injure and damage **Plaintiff**, **Plaintiff**'s African American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe emotional distress and psychological injury.  These collective actions by defendants were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title 18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights crimes based on race in violation of 18 USC § 241 and § 242, "*The Klan Act*".

- 28 -

## COUNT SIX

### 18 USC § 1951 "The Hobb's Act"
### 14th Amendment To The United States Constitution
### 18 USC § 1961 "The RICO Act"

111.    **Plaintiff** hereby incorporates by reference paragraphs 1 – 111 as if fully

restated herein.

112.    Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes,**

**Bourey, D Coates, DiTerlizzi, K Coates,** and persons yet unknown conspired,

harassed, threatened, intimidated, garnished, and punished **Plaintiff** in clear

violation of the Hobbs Act.  **Plaintiff** has been denied the opportunity to earn a

living in her profession; forcibly separated from her loving partner of over 14 years,

her daughter age 17, and son 16.  **Plaintiff** has sustained unending mental, physical,

and emotional trauma inflicted by the named Defendants and their intentional

perversion of the judicial system in order to prevent **Plaintiff** from having a notice

and a hearing which constitutes racketeering and civil rights crimes in violation of

18 USC §§ 1961 (The RICO Act), 1951 (The Hobb's Act), and § 241 and 242 (The

Klan Act).

## COUNT SEVEN

### Constitutionality of Illinois Statute § 750 ILCS 5/601,
### § 750 ILCS 35/3, § 755 ILCS 5/11

113.    **Plaintiff** hereby incorporates by reference paragraphs 1 – 113 as if fully

restated herein.

114.    **Plaintiff** challenges the constitutionality of the Illinois Marriage and

Dissolution of Marriage Act ("IMDMA"), § 750 ILCS 5/601; the Uniform Child

Custody Jurisdiction Act ("UCCJA"), § 750 ILCS 35/3; and the Illinois Estates

- 29 -

Probate Act of 1975 ("The Probate Act of 1975"), 755 ILCS 5/11, because each act

has in this case been able to be subverted and manipulated by defendants **Diamond**,

**Webber, Shick, Greanias, Hogan, Jackson, Bickes, Bourey, D Coates**,

**DiTerlizzi, K Coates** and persons yet unknown, to defeat the substantive procedural

due process, and equal protection provisions of the United States Constitution—

which guarantees the protections and preservation of **Plaintiff**'s property interest

rights and liberty interest rights.

### COUNT EIGHT

#### Violations of the First, Fifth, Eighth, and Eleventh
#### Amendments to the United States Constitution

115.   **Plaintiff** hereby incorporates by reference paragraphs 1 – 115 as if fully

restated herein.

116.   Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes,**

**Bourey, D Coates, DiTerlizzi, K Coates,** and persons yet unknown conspired,

harassed, threatened, intimidated, garnished, and punished **Plaintiff** in clear

violation of the Hobbs Act.   **Plaintiff** has been denied the opportunity to earn a

living in her profession; forcibly separated from her loving partner of over 14 years,

her daughter age 17, and son 16.   **Plaintiff** has sustained unending mental, physical,

and emotional trauma inflicted by the named Defendants and their intentional

perversion of the judicial system.

117.   Damages ought to be assessed by this Court against defendants **Hogan**,

**Jackson, Bickes, Bourey, D Coates, DiTerlizzi, and K Coates'** and any person yet

unknown in order to compensate **Plaintiff** for the outrageous conduct by these

Defendants in depriving a mother of her children, depriving siblings of their

- 30 -

companionship and family enjoyment, depriving white siblings of the tender years

of their African American siblings, depriving **Plaintiff** of her livelihood, and abuse

of the courts to protect and maintain Defendants' own involvement with this

organized crime.

118.    Defendant jurists **Webber, Greanias, Shick, Diamond**, and defendants **Hogan,**

**Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and any persons

unknown have engaged in a number of acts of intimidation, each of which constitute

separate counts, directed at **Plaintiff** as a fit parent, as a litigant in propria persona, as

a witness, and as a resident of the state of Illinois in an effort to prevent and deter

**Plaintiff** from pursuing her constitutional due process rights to a notice and a hearing,

and to a parent and child relationship with **Plaintiff**'s two Caucasian children.  All

named defendants intended to and did prevent **Plaintiff** from parenting her Caucasian

children and prevented **Plaintiff** from providing for her three African American

children who live with **Plaintiff**.  Named defendants relied on the tacit aid of the

named jurist defendants in order to deny Plaintiff her due process rights, maintain and

protect non-jurist defendants' conspiratorial scheme that personally profits all

defendants politically and monetarily.

119.    **Plaintiff** has incurred over $400,000 in expenses and lost revenue defending

against the acts threatening incarceration, foreclosure, garnishment and intimidation

while Defendants unlawfully use the court to violate the due process equal

protection of the **Plaintiff** and; the Defendants have in fact denied the **Plaintiff** due

process, and the **Plaintiff** is without the means to overcome the denial of **Plaintiff**'s

rights in the state court.  Defendants acted jointly and severally; as a proximate

- 31 -

cause of defendants' intentional, malicious and unlawful acts, **Plaintiff** has been
damaged.

120.    **Plaintiff** has been driven from her home, family, and career, by threats to her
safety including false incarceration due to her knowledge of defendants'
racketeering activity.

121.    The harm **Plaintiff** faces is irreparable and she has no adequate remedy of law
due to Defendants' control of the courts of Macon County which makes the courts of
Illinois not courts of law but a profit center and political weapon for those willing to
become involved in the unconstitutional conspiracy.

122.    Special damages ought to be assessed against Defendants **Hogan, Jackson,
Bickes, Bourey, D Coates, Hogan, DiTerlizzi**, and **K Coates**' by this Court in
order to compensate **Plaintiff** for the outrageous conduct by these Defendants in
depriving **Plaintiff** of her livelihood, and guaranteed constitutional protections,
Defendants depriving an oppressed **Plaintiff**, and abuse of the courts to protect
Defendants own involvement with deceitful profiteering and organized crime.

123.    Defendants' **Hogan, Bickes, Jackson, Bourey, DiTerlizzi, D Coates** and **K
Coates**, represented in open Court and via their pleadings, knowingly false and
fraudulent statements concerning **Plaintiff, Plaintiff**'s Caucasian children and
**Plaintiff**'s actions during **Plaintiff**'s New Years 2004 visit at **Plaintiff**'s home with
her children.

124.    Defendants **Hogan, Jackson, Bickes, Bourey, DiTerlizzi, D Coates** and **K
Coates**, represented in open Court and via their pleadings, knowingly false and
fraudulent statements concerning **Plaintiff** and **Plaintiff**'s children.

- 32 -

125.    The state court proceedings were influenced by racial bias, $300,000 in moneys being paid out of **Plaintiff**'s children's trust fund to various law firms, including SMSJS, and were also unfair and politically biased because of attorney Nicholas Neiers and his SMSJS law firm's undue political influence over all the judges in the Decatur, Illinois Macon County court including Defendant **Greanias**, and any orders or findings produced by those proceedings were tainted, unfair and biased.

126.    The defendants engaged in this conspiratorial act to injure **Plaintiff** as a manifestation of greed and racial animus; and their actions have been suspiciously successful in the State court because of the deliberate, premeditated, illicit, unconstitutional, non-jurisdictional, and non-judicial aid of the Macon County Illinois jurists/conspirators/defendants **Diamond**, **Webber**, **Shick**, and **Greanias**, who are all currently engaged in a continuing conspiracy to injure and intimidate **Plaintiff** as a manifestation of political and social bias and racial animus and a willful effort to aide the other defendants against **Plaintiff** ; and because of their illicit, conspiratorial, unconstitutional, non-jurisdictional, non-judicial involvement, and actions in furtherance of a conspiracy with **Hogan**, **Jackson**, **Bickes**, **Bourey**, **DiTerlizzi**, **D Coates**, **K Coates** and persons yet unknown to steal **Plaintiff**'s Caucasian children while using the inherent power of the state court to deny **Plaintiff** any opportunity to raise those constitutional issues and to deny **Plaintiff** access to the judicial process and due process equal protections as required by the constitution, in order for named defendants and persons yet unknown to all profit from **Plaintiff**'s Caucasian children's trust fund money.

127.    By committing these fraudulent and conspiratorial acts, the defendants named

- 33 -

herein intended to and did in fact injure and damage **Plaintiff, Plaintiff**'s African American children, and **Plaintiff**'s Caucasian children causing **Plaintiff** severe emotional distress and psychological injury. These collective actions by defendants were in violation of **Plaintiff**'s rights pursuant to the Civil Rights Act of 1871, Title 18 USC § 1961 "*The RICO Act*", 18 USC § 1951 "*The Hobb's Act*" and civil rights crimes based on race in violation of 18 USC § 241 and § 242, "*The Klan Act*".

## RELIEF

### Declaratory Relief

128.   **Plaintiff** asks the court to rule that it is improper for Defendants to represent other Defendants and:

a.   Make a finding that Defendants **Greanias Webber** and **Diamond** have and are currently engaged in ongoing violations of Illinois and Federal Statutory law and, are referred to the United States Attorney's office and Illinois Judicial Inquiry Board.

b.   Make a finding that Defendants **Greanias Webber, Diamond Jackson, Hogan, Bickes, Bourey, D Coates, DiTerlizzi**, and **K Coates** conspired and proceeded to willfully violate state and federal law.

c.   Make a finding that defendants **Greanias, Shick, Webber** and **Diamond** willful violations of **Plaintiff**'s due process rights and the law constitutes judicial and constitutional misconduct.

d.   Make a finding that Defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi**, and **K Coates** interfered with the judicial process to the extent that it can not operate in its normal fair and impartial manor.

- 34 -

e.  Make a finding that the Illinois Marriage and Dissolution of Marriage Act, §

750 ILCS 5/601; the Uniform Child Custody Jurisdiction Act, § 750 ILCS 35/3;

and the Illinois Estates Probate Act of 1975, 755 ILCS 5/11 are unconstitutional

pursuant to the First, Fifth, Eighth, Fourteenth and all other pertinent

Amendments to the United States Constitution.

129.    Court costs should be assessed to Defendants **Hogan, Jackson, Bickes,**

**Bourey, D Coates, DiTerlizzi, K Coates** and persons yet unknown.

### Injunctive Relief

130.    **Plaintiff** asks the court for a Temporary Restraining Order and a hearing to

grant her an immediate prospective injunctive relief against Defendant jurists

**Greanias, Shick, Webber** and **Diamond** as there is no state forum available to

**Plaintiff** in which to vindicate federal interest, therefore, **Plaintiff** relies on Article

III and seeks this court's special obligation to insure the supremacy of Federal

statutory and Constitutional law.

131.    **Plaintiff** asks for immediate prospective injunctive relief against Defendants'

**Greanias, Shick, Webber** and **Diamond** for ongoing violations of federal law and

unconstitutional acts of retaliation and extortion.

132.    An Order granting **Plaintiff** prospective injunctive relief on the continuing

execution of Defendants jurists' **Greanias, Shick, Webber** and **Diamond's**

unconstitutional de facto adoption, and **Plaintiff** being forcibly separated from her

natural children without due process or **Plaintiff's** parental rights being terminated,

and prohibit Defendants' **Greanias, Shick, Webber** and **Diamond** retaliation in the

form of sanctions, threats of incarceration, garnishments, citations, real estate liens

- 35 -

and judgments currently being thrust against **Plaintiff**.

133.   An Order granting **Plaintiff** prospective injunctive relief on Defendant jurists **Greanias, Shick, Webber** and **Diamond's** execution and damage to **Plaintiff** because of Defendant **Webber's** April 21, 2005 order and $45,251.42 Judgment against **Plaintiff**. Defendant **Webber's** April 21, 2005 order was issued after Defendant **Webber** was removed on April 20, 2005 the Illinois Supreme Court. Defendant **Webber** was absent all jurisdiction on April 21, 2005 when the order was issued in direct retaliation against **Plaintiff** to intimidate, further damage, and illegally deter **Plaintiff** from seeking or exercising **Plaintiff**'s constitutional right to a notice and hearing before being effectively terminated as a parent by the Defendants, which is an ongoing violation of federal and state constitutions.

134.   An Order granting **Plaintiff** prospective injunctive relief on Defendants **Greanias, Shick, Webber** and **Diamond's** execution and damage to **Plaintiff** because of Defendant **Webber's** February 3, 2006 order and $45,973.22 Judgment against **Plaintiff**. Defendant **Webber's** February 3, 2006 order was issued after Defendant **Webber** was removed pursuant to a verified motion for substitution of judge for cause filed by **Plaintiff**. Defendant **Webber's** February 3, 2006 order was issued in direct retaliation against **Plaintiff** to intimidate, further damage, and illegally deter **Plaintiff** from seeking or exercising **Plaintiff**'s constitutional right to a notice and hearing before being summarily and illegally terminated as a parent without a hearing by Defendants **Greanias, Shick, Webber** and **Diamond**, which is an ongoing violation of federal and state constitutions.

135.   An Order for Defendant jurists **Greanias, Shick, Webber** and **Diamond** to

- 36 -

provide a full accounting of **Plaintiff**'s minor children's trust fund.

136.   An order enjoining Defendant jurists **Greanias**, **Shick**, **Webber** and **Diamond** from allowing defendants **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates** and persons yet unknown from spending any of the children's trust money on lawyers for Defendants until further orders of this court, and to return or to put into escrow all money and property that Defendants have taken from **Plaintiff** and **Plaintiff**'s minor children.

137.   An immediate order enjoining Defendants from representing other Defendants before this court, and this court should issue orders/sanctions sua sponte if Defendants attempt to undermine **Plaintiff**'s due process rights before this court.

138.   **Plaintiff** seeks a declaratory judgment establishing **Plaintiff**'s entitlement under the 14th Amendment to the Constitution's procedural due process requirements, and equal protection under the law to a parent-child relationship with her natural minor children.

## **Compensatory Damages**

139.   As a result of all named defendants' acts, Plaintiff has sustained great and irreparable injury. Plaintiff cannot be fully compensated in damages, is without an adequate remedy at law because the exact amount of damage Plaintiff will sustain will be difficult to determine. **Plaintiff** seeks to recover actual damages, the amount of which is still accruing. Defendants **Hogan, Jackson, Bickes, Bourey**, D **Coates, DiTerlizzi, K Coates** and persons yet unknown above described conduct has effected **Plaintiff** to the extent that;

   a.   it has injured her emotionally, causing her mental suffering, loss of sleep,

- 37 -

depression, nervousness, grief, anxiety, worry, anger, mortification, shock, memory loss, humiliation, indignity, embarrassment, paranoia, uncertainty, and apprehension; and,

b.    as well as incurring her the expenses of litigation, it has required thousands of hours of her time and energy to learn the law and for research and writing to defending herself, sufficient time and energy to preclude her from procuring other work as a photographer, keeping her software current, running her business and having a normal social life; and,

c.    it has caused her to suffer a lack of concentration that has resulted in an inability to perform her job, and as a result she has been unable to solicit new schools, to market and keep competitive and stay current with photography and computer technology. As a result, she has suffered a loss of income, had to lay off employees, lost her market share, caused her to fail to keep up with current technology, caused her to get behind on loans, destroyed her credit rating, caused her to not be able to afford to advertise her products, and has virtually destroyed her photography company. That **Plaintiff** has suffered severe and permanent damage to her ability to earn a living as a photographer; and,

d.    damaged her reputation as an upstanding citizen of her community and a business owner, loss of identity and standing in the world of school photographers, caused her to be embarrassed and shamed before her customers because her company could no longer meet the product and service needs of her customer base; and,

e.    loss of her career leaving **Plaintiff** wondering what she will do for a living

- 38 -

and in need of retraining in order to become competitive in the field of digital photography; and,

f.    it has impaired her ability to engage in recreational, family, travel, and social activities, and has resulted in a loss of her enjoyment due to her inability to engage in such activities; and,

g.    destroyed her faith and trust in the American judicial system, causing her to believe that lawyers and judges can break the rules with impunity and get away with it; and,

h. it has destroyed her motivation to earn a living because **Plaintiff** believes anything she earns will be taken away from her.  **Plaintiff** fears that execution of the fraudulently obtained judgment will leave her broke and homeless as the Defendants vow to take **Plaintiff**'s home and what's left of her business, and put her and her children who live with her out on the street.  She lives in fear that she will be incarcerated for bogus retaliatory contempt of court charges filed and arranged by the Defendants for standing up and peacefully pursuing her constitutional rights and for failing to comply with the wishes of the Defendants who continue to be illegal de facto Adopters of her natural minor children; and,

i. it is at present causing her emotional pain and suffering and she anticipates permanent emotional pain and suffering from it.  That she anticipates that she will never again be able to function as a normal member of society.

140.    Special damages in the amount of $25,000,000 jointly and severally ought to be assessed against Defendants **Hogan, Jackson, Bickes, Bourey, D Coates, Hogan, DiTerlizzi**, and **K Coates'** by this Court in order to compensate **Plaintiff** for the

- 39 -

outrageous conduct by these Defendants in depriving **Plaintiff** of her livelihood, and guaranteed constitutional protections, Defendants depriving an oppressed **Plaintiff**, and abuse of the courts to protect Defendants own involvement with deceitful profiteering and organized crime.

### Malice

141.    **Plaintiff** respectfully contends that the foregoing facts indicate Defendants **Webber, Greanias, Shick, Diamond, Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and persons yet unknown, actions constitute wanton and wicked conduct and were done willfully and maliciously.

### Punitive Damages

142.    Defendants' **Hogan, Jackson, Bickes, Bourey, D Coates, DiTerlizzi, K Coates**, and any persons unknown conduct as described above is willful, intentional and malicious, resulting from fraud, insult and malice, and are associated with aggravating circumstances, such as racial animus, greed, willfulness, wantonness, malice, oppression, outrageous conduct, indignity, insult, fraud and gross fraud, thus warranting **Plaintiff**'s recovery of punitive damages, in the amount of $25,000,000 jointly and severally.

### Attorney's Fees

143.    **Plaintiff** is entitled to an award of attorney's fees pursuant to 42 USC § 1988. Since punitive damages are appropriate, counsel fees, internet access fees, computer and office equipment, paralegal fees and litigation fees can be taken into consideration when estimating the foregoing punitive damages.

### Jury Demand

- 40 -

144.    **Plaintiff** hereby demands a trial by jury.

### Ad Dannum Clause

145.    Based upon the foregoing pleaded facts, **Plaintiff** prays for compensatory and

punitive damages against defendants **Hogan**, **Jackson**, **Bickes**, **Bourey**, **D Coates**,

, **DiTerlizzi**, **K Coates**, and any persons unknown in the amount of Twenty Five

Million Dollars ($25,000,000.00).


The undersigned verifies pursuant to the penalties of perjury that she has read

the foregoing Complaint and that she has personal knowledge of the facts averred

herein.


Respectfully submitted,


Amy Joan Schneider - **Plaintiff** – 02/22/06
205 Saratoga Road
Normal IL  61761
(309) 452-7466

**E-FILED**
Thursday, 23 February, 2006 03:49:07 PM
Clerk, U.S. District Court, ILCD

1       IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL
            CIRCUIT, COUNTY OF MACON, ILLINOIS

2

3    IN RE: THE ESTATES OF:            )
                                       )
4    KAELA ELIZABETH SLINEY a Minor,)
     and JOSHUA MATTHEW SLINEY,        )
5    a Minor,                          )
     _____  )
6    JOSEPH T. SCHNEIDER and           )
     JOAN M. SCHNEIDER,                )
7                                      )
            Petitioner/Respondents,    )
8                                      )
                 and                   )  File No. 93-P-366
9                                      )
     MARK E. SLINEY and                )
10   AMY J. SCHNEIDER,                 )
                                       )
11          Respondent/Petitioners.    )
     _____  )

12

13        REPORT OF PROCEEDINGS AT ALL PENDING MOTIONS

14

15                    BE IT REMEMBERED that the
     above-entitled cause came on for hearing on the
16   25th day of September, 2003, before the Hon. Scott
     B. Diamond, Associate Judge.

17   **APPEARANCES**:

18   AMY SCHNEIDER, the Petitioner, pro se.

19   KURT B. BICKES, on behalf of Benito Di Terlizzi;

20   JAMES T. JACKSON, on behalf of Joan Schneider and
            Dan and Karen Coates;

21

22

23       PROCEEDINGS TRANSCRIBED FROM DIGITAL RECORDING

24       Transcribed by:  Gina K. Jones, CSR #084-003651

1                    **TRANSCRIPT OF PROCEEDINGS**

2          THE COURT:  93-P-366, in re:  The Estates of

3     Kaela Sliney and Joshua Sliney.  Show the

4     Petitioner Joan Schneider personally present.  Show

5     the guardian present by Mr. Bickes.  Show the

6     intervenors present by Mr. Jackson.  Cause called

7     for hearing on all pending matters.

8                    Before we begin, let me go over a little

9     bit of the history of this case.  The last thing

10    was the petition to change custody filed by the

11    biological mother.  I denied that petition.  She

12    originally had Mr. Chiligiris as her attorney.  At

13    the end of the case, his representation was

14    terminated.  She filed a notice of appeal with the

15    appellate court, and from some correspondence, I

16    understand she has hired counsel who has

17    represented -- who is representing her on the

18    appeal in which I'm very happy for.  However, she

19    has now filed new petitions.  She is pro se; and,

20    obviously, they indicate a person that doesn't have

21    the legal training to understand some of the issues

22    when things are on appeal.  Now when something is

23    on appeal, the trial court loses jurisdiction.

24    However, I do understand her petition, what she's

1   trying to say, and this is what she trying to say,
2   but what she has not adequately said.  This Court
3   would have new jurisdiction if there were new
4   allegations raised, and her main complaint, I
5   think, is in the -- in the trial there was a
6   written agreement between the guardian and the
7   intervenors to place the children with the
8   intervenors for a period of one year, and I upheld
9   that.  She is now alleging that they are still with
10  the intervenors and it's more than a year, but
11  she's trying to put this back into the old case.
12  What I think she would have to do, and she could
13  do, is file a petition to change custody again.
14  She could make that allegation.  Then if the
15  intervenors would want to come in, they would have
16  to come in again.  It's not the same case.  This is
17  a different case.  Then it would be a question of
18  law for the Court, I think, to say whether the
19  guardian has a right to place the children in his
20  discretion for an extended period of time.  The
21  answer to that question, I really don't know; I'm
22  not sure of, but that would be a separate question
23  of law which the Court never ruled on and was never
24  asked to rule on at the time.  But all these

4

1    petitions the petitioner has filed, like seeking me

2    to prevent the Coateses from ever intervening in

3    anything, or to attack other petitions, I just

4    think are irrelevant, although I think she can file

5    a brand new petition, and we would have to rule on

6    it because I think there is a different issue.  So

7    having said that, I will listen to you first, Ms.

8    Schneider.

9        THE PETITIONER:  Thank you, Your Honor.  In

10    reference to what you just stated, and again I

11    understand that I'm not legally adept at all of

12    this as the other attorneys or yourself, but it was

13    my understanding that this matter would fall under

14    Rule 304(b) which would mean that the appeal from

15    the judgment from last April is -- while it's not a

16    separate proceeding altogether, this is a

17    continuing matter in that the issues of

18    guardianship are addressed under Rule 304(b).  And

19    as far as precedence is concerned, there's case law

20    which I had stated in my memorandum that -- There

21    was actually a Fourth District Appellate Court

22    ruling, and the matter was In Re: Gustafson, and

23    they have a Gustafson I and a Gustafson II, both of

24    which were handled in the Fourth District Appellate

1   Court, and while the original -- There was a
2   petition to intervene that was appealed, and while
3   that original appeal was going on, the trial court
4   did hear the case on the father's motion for change
5   of custody.  So based on that precedence and Rule
6   304(b), it was my understanding that this issue
7   would not be necessarily an entire separate
8   proceeding.  The issue that's on appeal from my
9   side, at least from -- as the mother of the
10  children, the only petition that I had filed
11  originally was a petition to terminate the
12  guardianship, and that is what is being appealed is
13  the issue that -- the issue of whether or not the
14  trial court found against the manifest weight of
15  the evidence that there had not been a substantial
16  change in circumstances regarding the Petitioner's
17  life, my life, and that's the issue that I have got
18  on appeal, and it's strictly concerning the
19  substantial change in circumstances and whether
20  that was a proper finding or not.

21       THE COURT:  Right.  Right.  And that's based
22  on those facts.  You're now alleging different
23  facts.  You're now alleging that they breached the
24  agreement; that we all thought perhaps that there

1   was a -- it was supposed to be a one year thing,

2   but now they've extended it past it, and I'm saying

3   it's a separate issue whether or not they could do

4   that, and I'm saying I think you could state a

5   cause of action for a change of circumstances

6   because the facts are different than the first

7   case, but when you ask me to prevent the

8   intervenors from ever intervening and rule on stuff

9   before the appellate court, I can't.  I think that

10  case is over.  I think if you show a different set

11  of facts, which I think you can, and your facts are

12  that the agreement that we dealt with was a written

13  agreement for one year, and now that they've kept

14  them, maybe the Court would agree with you.  Maybe

15  the Court would say, "Well we've never briefed this

16  issue.  Can the guardian in its discretion place

17  the person with another person?"  I just view that

18  as a separate issue from what is on appeal.

19       THE PETITIONER:  Okay.  Well then at this time

20  I would like to make an oral motion then to change

21  the custody if I need to --

22       THE COURT:  You can't make an oral.  I could

23  give you leave to file a petition -- to amend your

24  pleadings to file a new petition for a change of

1   custody, but the stuff that you have filed is just

2   that, stuff. It's not -- I don't think it's a

3   valid legal pleading because you're attacking

4   things that are on appeal, and -- I mean, I

5   understand you don't understand the legal rules,

6   but I'm not saying I couldn't hear another case if

7   the facts were different. At least I don't think I

8   would be wrong. I'm going to listen to them next.

9   But I'm just saying, what you filed, I think is

10   technically wrong, although I understand what you

11   are trying to say.

12       THE PETITIONER: Thank you, Your Honor. Then

13   I would ask for the motion for leave.

14       THE COURT: Okay. One second. Let me -- I

15   want to hear them.

16          Mr. Bickes, do you think I'm on the right

17   track or the wrong track?

18       MR. BICKES: Well I -- Judge, Kurt Bickes for

19   the guardian. I certainly believe you are

20   partially on the right track. I think that motions

21   that are on file now and are pending are both in

22   substance and form just post-trial motions. Not

23   only are we beyond the 30 days, but as the Court

24   pointed out, there's been this appeal. This Court

1   has no jurisdiction, and the law is that -- is that

2   once a cause is appealed, the trial court cannot

3   enter an order that would modify the judgment or

4   its scope or affect or interfere with the appellate

5   court's review of the matter, and to the extent

6   that she's complaining about -- Well in these

7   motions, she's complaining about a lot of things

8   that happened in the trial court, but to the extent

9   she's complaining about the guardianship agreement,

10   I don't think this Court can touch that without

11   running the risk it would interfere with the

12   appellate court's review.

13         THE COURT: Okay. Well I disagree with you on

14   that point because when I rule -- I mean, the

15   agreement was, if we all recall, that the

16   intervenors were only going to keep the children

17   for one year, and she's alleging well the year is

18   up, the facts have changed. And now it's a

19   question of law, I think, whether or not the

20   guardian can continually renew. So I think to that

21   extent the facts are different now than they were

22   at the time the Court heard that case, and I didn't

23   say -- I don't know the answer to that question.

24   You understand what I am saying?

1       MR. BICKES:  Yes.  And as I stand here, I
2   don't know the answer either.  All I'm saying is I
3   think you are on the right track that what is
4   pending today, this Court really can't hear.

5       THE COURT:  Right.  But I didn't say that she
6   couldn't possibly state a valid cause of action
7   based on the facts being different today than the
8   facts I decided at the time.  You understand what
9   I'm saying?

10      MR. BICKES:  Yes.  And again, I don't know
11  what the answer is to that.  I don't know -- If
12  nothing else changes, I don't know whether that
13  constitutes a change in circumstances while the
14  appeal is pending.

15      THE COURT:  I don't know either, but clearly
16  it's not the same facts the Court heard.  The Court
17  heard facts of a written agreement for a one-year
18  trial period, and maybe they can extend it, but
19  maybe they can't extend it.  Maybe that is
20  abandonment if you continue to do it year after
21  year.  I don't know the answer to that question is
22  all I'm saying, but I think it's different than
23  what I ruled on in the first place.  You understand
24  that?

1          MR. BICKES:  Yes.

2          THE COURT:  You may not agree with me, but

3     that's how I feel about it.

4          MR. BICKES:  I just really haven't -- I didn't

5     expect that to come up, and I don't know what the

6     legal answer is as I stand here.  I certainly

7     understand what the Court is thinking, that it

8     could be legally different.

9          THE COURT:  I mean, just like I wrote in my

10    order that I viewed that as no different than

11    sending the kid to Exeter or a private school for a

12    year.  Well would you send the kid for four years

13    to Exeter?  You might.  Is that an abandonment?  I

14    don't know, but I'm just saying I think what we

15    argued at that time and what the facts are now,

16    it's -- it's somewhat different.

17         MR. BICKES:  One problem we have, if we go

18    down that road and the -- What I hate to see happen

19    is the whole circus start over again because she

20    alleges well now the August 28th, 2002 agreement

21    has expired.  I'd hate to relitigate the whole

22    thing, and we are faced with a question of --

23         THE COURT:  Well we don't have a pleading

24    before us.  I hate to do a lot of things, but we

1   don't exactly know.

2       MR. BICKES:  Okay.

3       THE COURT:  All right.  Mr. Jackson, let me

4   hear from you.  Do you think I'm totally wrong?

5       MR. JACKSON:  Yes.

6       THE COURT:  All right.  You are not the first

7   person that's told me that, believe me.

8       MR. JACKSON:  I think that's wrong, Judge,

9   because that very issue that you -- Let me say

10  this:  I agree that the pending motions are

11  untimely.  They're not jurisdictional.  They're

12  irrelevant.  They need to be stricken.  This is the

13  second time that we've been in court with a barrage

14  of post-trial pleadings by Ms. Schneider.  It's

15  designed to harass and annoy and cause untold

16  trouble, harassment, and expense for both the

17  guardian and the intervenors.  For that reason, I

18  think the Court should, in addition to striking the

19  pending motions, also grant both the guardian and

20  the intervenors' pending motion for a protective

21  order.

22      THE COURT:  Well let's just say, though, you

23  had returned the children -- the children had gone

24  back to the guardian after the year.  I don't think

1  you would have had a leg to stand on if she tried
2  to do something until the appellate court ruled
3  because those were the facts, but the facts are a
4  little different now in that they are extending the
5  agreement which I thought was for one year.
6      MR. JACKSON: Well, Your Honor, if I may, I
7  think -- I think that position assumes that the
8  appellate court will not reverse this Court's
9  denial of the intervenors' petition. If the
10  appellate court says, "Judge Diamond, you were
11  wrong. The Coateses should be intervenors. Their
12  petition to be appointed successor guardian should
13  be appointed. The trial court made a mistake,"
14  that is exactly what your hypothecating right now
15  to be another issue.
16      THE COURT: Okay. So you're saying that
17  you're appealing the issue of --
18      MR. JACKSON: This is whether or not those
19  children can stay down there in Texas with the
20  Coateses. That's exactly what's on appeal on our
21  appeal.
22      THE COURT: Oh, on your appeal.
23      MR. JACKSON: Yeah, that's being appealed
24  too.

1          THE COURT:  Oh.

2          MR. JACKSON:  And because the appellate

3     court --

4          THE COURT:  I didn't realize that.

5          MR. JACKSON:  Yeah.  Because the appellate

6     court has that very issue in front of it, I believe

7     that the law quoted by Mr. Bickes is a bulls-eye.

8     That would be this trial court interfering with an

9     issue that is front and center on the appellate

10    court's docket to be heard and decided in

11    February.

12         THE COURT:  All right.  So you're -- Tell me

13    what you're exactly appealing.  You mean, the fact

14    that I --

15         MR. JACKSON:  You denied the intervenors'

16    petition to be appoint -- to have Karen Coates

17    appointed as a successor guardian.

18         THE COURT:  Oh, I see what --

19         MR. JACKSON:  We believe that that ruling was

20    wrong.  We appealed.  It's pending on appeal.  The

21    appellate court could agree with the trial court

22    and say that petition was correctly denied.  At

23    that point, then I think this issue you've been

24    speaking about becomes a potential.  The appellate

1　court may say, though, this Court was wrong.　The

2　Coateses' petition to have Karen appointed

3　successor guardian should have been granted.　At

4　that point, Your Honor, this hypothecated new case

5　is moot.　I don't think the trial court can

6　entertain that issue until the appellate court

7　rules.

8　　　　THE COURT:　I didn't realize that you were

9　appealing that.

10　　　　MR. JACKSON:　Absolutely.　We have two appeals

11　going here.

12　　　　THE COURT:　So you're appealing my not

13　appointing the Coateses --

14　　　　MR. JACKSON:　That's correct

15　　　　THE COURT:　-- as guardian.

16　　　　MR. JACKSON:　That is correct.

17　　　　THE COURT:　I understand.　I see.　I did not

18　realize that.　I'm sorry.

19　　　　MR. JACKSON:　So I -- for -- for no other

20　reason, I simply believe that this game -- whether

21　or not we want it to be there or not, this game is

22　now at the appellate court's ballpark.

23　　　　THE COURT:　Do you have any response, Ms.

24　Schneider to Mr. Jackson's argument?

1 THE PETITIONER:  Yes, Your Honor, I do.  First

2 of all, I would like to say that, you know, I know

3 that he would like to claim that all of the work

4 that I've done is simply a barrage of harassment

5 for them and their client.  However, in all of

6 this, we seem to be losing sight of the fact that

7 these are my children, and I want them back, and

8 they're -- You know, the Court found that they were

9 improvidently let in to begin with.

10 THE COURT:  Well that's on appeal, though.

11 That is on appeal.  But you still lost.

12 THE PETITIONER:  Correct.  And that is why --

13 THE COURT:  But that issue is on appeal.  That

14 issue of not letting -- Well I did let them in.  I

15 just said I may have improvidently let them in, I

16 think.  Isn't that what I said?

17 MR. JACKSON:  That is what you said.

18 THE COURT:  I think I said I may have

19 improvidently let them in, and I did not grant --

20 They did have a request that I grant them the

21 guardianship, which I did not.  I denied the

22 guardianship to them.  So to that extent, I didn't

23 think about the issue.  Mr. Jackson's point is that

24 issue is on appeal, and that -- that's -- I

1  should -- I've lost jurisdiction, and I shouldn't
2  interfere.
3      THE PETITIONER:  But, again, I have to go back
4  to the fact that the original ruling was based on
5  this being a temporary arrangement, and now -- Just
6  as Mr. Jackson stated, you know, they want the
7  children down in Texas, and they're going to do
8  whatever they can to keep my children down there.
9      THE COURT:  And he said that issue is on
10  appeal, so he said we have to wait at this point
11  until the appellate court rules.
12      THE PETITIONER:  I disagree.  I feel that
13  if -- If the arrangement was supposed to be
14  temporary, then they should be back in Seattle
15  right now attending school.
16      THE COURT:  He's saying that when he came in
17  here, he asked for it to be permanent, that the
18  arrangement be permanent.
19          Is that what you are saying, Mr.
20  Jackson?
21      MR. JACKSON:  That's exactly what we're
22  saying.
23      THE COURT:  And that is the issue that he has
24  on appeal.

1      THE PETITIONER:  Well the Court's entire order

2  was based on it being temporary, and that --

3      THE COURT:  And I ruled against him, but he's

4  appealing my decision.

5      THE PETITIONER:  I can't -- I can't stand here

6  and ferret it out completely, but if the original

7  order was based on this being a temporary

8  arrangement --

9      THE COURT:  But that was only against the

10  guardian is what Mr. Jackson is saying.  He's

11  saying he had his argument that he should have been

12  given full custody, and that issue is also on

13  appeal.

14      THE PETITIONER:  The issue that they appealed

15  from my understanding was simply monetary and that

16  they felt like they had to pay too much money, and

17  I do not recall any issues in their appeal

18  regarding any of the facts of the actual case.  The

19  original case was simply to terminate the

20  guardian's position.

21      THE COURT:  Do you want to say something, Mr.

22  Jackson?

23      MR. JACKSON:  The only thing I'd say, Your

24  Honor, is, I mean, if the Court wanted to see our

1  docketing statement for the appellate court, the
2  Court can clearly see the fundamental issue is the
3  one I spoke of, and that is the Coateses' right to
4  have permanent custody of the children.  That's
5  front and center of the issue on appeal.  I think
6  Ms. Schneider is -- it's understandable because
7  this is not the simplest of cases, but I do think
8  she's confusing two different petitions, the
9  situation between the Coateses and the guardian as
10  to where the children will be and her attempt to
11  terminate the guardianship based on a change of
12  circumstances, and it was -- it's a gross
13  understatement or misstatement to say that this
14  Court did what it did on the strength of this
15  agreement being temporary.  That is not the case.
16  The Court had a number of reasons for denying her
17  petition to terminate the guardianship, not least
18  of which was her inability to show a change in
19  circumstance.  I only would correct the record in
20  to that extent.
21       THE COURT:  All right.  Well I'm going to find
22  that the issues raised in Ms. Schneider's -- in the
23  Petitioner's pleadings are all presently on appeal
24  in the appellate court, and the Court has lost

1   jurisdiction, so the Court will not rule on her

2   petitions.  However, I'm not going to find that she

3   was willful and award attorney fees, Mr. Jackson.

4   I think even I wasn't sure on this issue, so I

5   don't think it's willful.  So I am going to deny

6   your request for attorney fees.  That's all.

7        MR. BICKES:  Judge, if I may, would it be your

8   expectation at this point that Ms. Schneider file

9   no more pleadings in the trial court.

10        THE COURT:  Yes.

11             Ms. Schneider, I want to warn you now

12   that I have ruled that I find that the appellate

13   court has jurisdiction.  The issues you've raise

14   are on appeal, and if you continually file

15   pleadings now after I've found that it would be

16   interfering with the appellate process, you risk

17   sanctions.  That's all I am going to say.  I am not

18   going to say what type of sanctions.  I am just

19   saying you risk sanctions.  You might want to talk

20   to your appellate counsel before you do anything

21   else and talk to her about the appeal; and,

22   perhaps, if she wants to get a transcript of what

23   went on here today, and then she could advise you

24   better.  That's all.  Thank you.

1          MR. BICKES:   Thank you.

2          MR. JACKSON:   Thank you, Your Honor.

3

4                    (Which were all the proceedings

5                     digitally recorded this date in the

6                     above-entitled cause.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

21

STATE OF ILLINOIS    )

                     )    ss:   IN THE CIRCUIT COURT

COUNTY OF MACON      )

## CERTIFICATE OF REPORTER

     I, Gina K. Jones, hereby certify the foregoing
to be a true and accurate transcript of the
digitally recorded proceedings in the
above-entitled cause.

_____
                Court Reporter
                CSR #084-003651

This 22nd day of Oct   2003.

+AGREEMENT FOR TEMPORARY LIVING ARRANGEMENTS
FOR KAELA E. SCHNEIDER, SSN 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
AND JOSHUA M. SCHNEIDER, SSN 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

I, Benito DiTerlizzi, am the legal guardian of the above-referenced children who reside with me at 14508 NE 58th Street in Bellevue, WA 98007. My late wife Christine (the children's maternal aunt who died August 17, 2001) and I have had legal guardianship of these children since the Circuit Court of the Sixth Judicial Circuit in Macon County, Illinois so ordered on March 16, 1995. After my wife's death, I became sole legal guardian of the children. Both children were born with the last name "Sliney." This surname was legally changed to "Schneider" on November 17, 1998.

I have agreed for the children to spend the 2002-2003 school year with their aunt and uncle, Karen and Dan Coates, who reside at 4305 Travis Street in San Angelo, Texas 76903. As such, I am authorizing Dan or Karen Coates to enroll them in school as well as obtain medical treatment for them as necessary during the year.

This living arrangement is expected to last through May 2003, but may possibly be extended by mutual agreement of the parties. Therefore, I am providing my indefinite authorization for school enrollment and medical treatment for as long as the children are living in Texas. However, if the children make a request, after adequate deliberation, to return to live with me, the Coates shall consult with me and return the children, if I so request.

Nothing in this Agreement shall affect my rights as a guardian, and the Coates agree not to take any action, directly or indirectly, that would adversely affect those rights.

Benito DiTerlizzi                    Aug. 28/02
Benito DiTerlizzi                    Date
14508 NE 58th Street
Bellevue, WA 98007

                                     8-28-2002
Karen Coates –                       Date
4305 Travis Street
San Angelo, TX 76903

8-28-200

New Search        Go Back        Close Window                          

## Specific Case Information

You may select additional case information for this specific
case by selecting from one of the 5 tabs shown below.

**CASE #:** 2003 P 000348
**LITIGANT NAME:** SLINEY, KAELA E - MINOR
**CLOSED DATE:** 02/02/2005

Bottom

| | CIVIL DISPOSITION | CRIMINAL DISPOSITION | COURT DATES | PAYMENT SUMMARY |

| DATE | REMARKS |
|------|---------|
| 10/06/03 | **Complaint filed on 10/06/2003. |
| 10/06/03 | ---------------------------------------------------------------- |
| 10/06/03 | Petition for Change of Custody and Jurat filed. Cause allotted for |
| 10/06/03 | Hearing on October 29, 2003 at 8:45 a.m. in courtroom #2B. Attorney |
| 10/06/03 | Andrew Bourey appointed Guardian Ad Litem. Clerk directed to notify |
| 10/06/03 | GAL. (cc) |
| 10/06/03 | First appearance set for 10/29/2003 at 08:45 in courtroom 2B. |
| 10/06/03 | ---------------------------------------------------------------- |
| 10/06/03 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 10/06/03 | ---------------------------------------------------------------- |
| 10/29/03 | Petitioner present pro se. Guardian ad Litem Mr. Bourey present. |
| 10/29/03 | On_the recommendation of the Guardian ad Litem this case is |
| 10/29/03 | consolidated into 93-P-366. All further entries to be made in |
| 10/29/03 | Case No. 93-P-366. Guardian ad litem fees reserved. |
| 10/29/03 | ---------------------------------------------------------------- |
| 10/29/03 | ---------------------------------------------------------------- |
| 10/30/03 | Petitioner present pro se. Guardian ad Litem Mr. Bourey present. |
| 10/30/03 | Guardian present by attorney Kurt Bickes. Intervenors present |
| 10/30/03 | by_Mrs. Hogan. The docket entry of 10/29/03 is vacated. |
| 10/30/03 | ---------------------------------------------------------------- |
| 11/10/03 | Correspondence from Amy J. Schneider and Declaration and Affidavit of |
| 11/10/03 | Mother Amy J. Schneider filed. (cc) |
| 11/10/03 | ---------------------------------------------------------------- |
| 11/12/03 | Petitioner Amy J. Schneider's Motion for Substitution of Judge As to |
| 11/12/03 | Right filed. (cc) |
| 11/12/03 | ---------------------------------------------------------------- |
| 11/14/03 | Emergency Bill for Injunctive Relief to Return Petitioner's Minor |
| 11/14/03 | Children filed. (cc) |
| 11/14/03 | ---------------------------------------------------------------- |
| 11/19/03 | Correspondence from Amy Schneider filed. Cause allotted for hearing |
| 11/19/03 | on_December 24, 2003 at 8:45 a.m. in courtroom #2B. (cc) |
| 11/19/03 | Motion hearing set for 12/24/2003 at 08:45 in courtroom 2B. |
| 11/19/03 | ---------------------------------------------------------------- |
| 11/24/03 | Petitioner Amy J. Schneider's Amended Motion to Substitution of Judge |
| 11/24/03 | as_of Right, Jurat and Notice of Hearing filed. (cc) |
| 11/24/03 | ---------------------------------------------------------------- |

| | |
|---|---|
| 01/12/04 | ---------------------------------------------------------------- |
| 01/14/04 | Motion to Continue filed. (cc) |
| 01/14/04 | ---------------------------------------------------------------- |
| 01/20/04 | Petition for Interim Guardian Ad Litem Fees filed. (cc) |
| 01/20/04 | ---------------------------------------------------------------- |
| 01/28/04 | Response to Petition for Interim Guardian Ad Litem Fees filed. (cc) |
| 01/28/04 | ---------------------------------------------------------------- |
| 01/29/04 | Status of Pleadings filed. (cc) |
| 01/29/04 | ---------------------------------------------------------------- |
| 02/17/04 | On_the Court's own motion, this cause is stayed pending issuance |
| 02/17/04 | of_mandate of the Appellate Court of Illinois, Fourth District in |
| 02/17/04 | cause number 93 P 366. |
| 02/17/04 | As_to the issue of the Guardian ad litem fees payable to Mr. Bourey. |
| 02/17/04 | Motion hearing set for 03/19/2004 at 01:30 in courtroom 6B. |
| 02/17/04 | ---------------------------------------------------------------- |
| 02/18/04 | Mother's Amended Petition to Define and Clarify Gaurdianship, |
| 02/18/04 | Guardianship Agreement, and Expiration of Guardianship Agreement and |
| 02/18/04 | Jurt filed. (cc) |
| 02/18/04 | ---------------------------------------------------------------- |
| 03/19/04 | Guardian present by Mr. Kurt BIckes. Intervenors present by |
| 03/19/04 | Mr. James Jackson. Guardian ad litem, Mr. Bourey present. Cause |
| 03/19/04 | called for hearing on the Petition for Guardian ad litem Fees. |
| 03/19/04 | Court finds that reasonable guardian ad litem fee is in the amount of |
| 03/19/04 | $1,160.00. Court orders this fee be paid by Petitioners within 30 |
| 03/19/04 | days of this date, if not paid within 30 days of this date, Court |
| 03/19/04 | directs fee to be paid by respondent at which time respondent is |
| 03/19/04 | granted leave to apply to this court for judgment against respondent |
| 03/19/04 | in_the amount of fees paid by respondent for the guardian ad litem. |
| 03/19/04 | ---------------------------------------------------------------- |
| 03/29/04 | Correspondence from Amy Schneider filed within 93-P-366. (cc) |
| 03/29/04 | ---------------------------------------------------------------- |
| 04/12/04 | Mother's Second Amended Petition to Define and Clarify Guardianship, |
| 04/12/04 | Guardianship Agreement, and Expiration of Guardianship Agreement or |
| 04/12/04 | in_the Alternative to be Named Successor Guardian of Joshua Sliney and |
| 04/12/04 | Kaela Sliney's Persons and Estates filed. (cc) |
| 04/12/04 | ---------------------------------------------------------------- |
| 04/15/04 | Cause allotted for hearing on May 4, 2004 at 8:45 a.m. in courtroom |
| 04/15/04 | #6B. (cc) |
| 04/15/04 | Hearing set for 05/04/2004 at 08:45 in courtroom 6B. |
| 04/15/04 | ---------------------------------------------------------------- |
| 04/20/04 | Petitioner Amy J. Schneider's Motion for Leave to Submit Response in |
| 04/20/04 | Opposition and Motion for Rehearing and Motio to Reconsider Petitioner |
| 04/20/04 | Being Ordered to Pay Andrew Bourey filed. (cc) |
| 04/20/04 | ---------------------------------------------------------------- |
| 04/21/04 | Notice of Hearing filed. (cc) |
| 04/21/04 | ---------------------------------------------------------------- |

Macon County Search Results

| | |
|---|---|
| 04/22/04 | Notice of Hearing filed. (cc) |
| 04/22/04 | --------------------------------------------------------------- |
| 04/28/04 | Hearing set for 05/20/2004 at 08:45 in courtroom 6B. |
| 04/28/04 | --------------------------------------------------------------- |
| 04/30/04 | Due to a conflict in the Court's calendar, allotment of May 4, 2004 |
| 04/30/04 | is_vacated. Cause realloted for hearing. Judicial Clerk has notified |
| 04/30/04 | the parties. |
| 04/30/04 | Hearing set for 05/19/2004 at 08:45 in courtroom 6B. |
| 04/30/04 | --------------------------------------------------------------- |
| 05/10/04 | Notice to Appear and Notice of Hearing filed. (cc) |
| 05/10/04 | --------------------------------------------------------------- |
| 05/10/04 | Mother's Motion for Judgement on the Pleadings filed. (cc) |
| 05/10/04 | --------------------------------------------------------------- |
| 05/11/04 | Motion to Continue Hearing set for May 20, 2004, Motion to Continue |
| 05/11/04 | May 19, 2004 Hearing and Notice of Hearing filed. (cc) |
| 05/11/04 | --------------------------------------------------------------- |
| 05/19/04 | On_the Court's own motion, allotment of May 20, 2004 is vacated. |
| 05/19/04 | --------------------------------------------------------------- |
| 06/23/04 | Motion to Disqualify and Remove Attorney Andrew Bourey as Guardian Ad |
| 06/23/04 | Litem filed. (cc) |
| 06/23/04 | --------------------------------------------------------------- |
| 08/19/04 | Phone communications from Amy Schneider. Cause alloted for one hour |
| 08/19/04 | hearing with Ms. Schneider to give notice. |
| 08/19/04 | Hearing set for 09/02/2004 at 09:30 in courtroom 6B. |
| 08/19/04 | --------------------------------------------------------------- |
| 09/17/04 | Motin for Entry of Money Judgment filed. (cc) |
| 09/17/04 | --------------------------------------------------------------- |
| 09/20/04 | Notice of Discovery Deposition and Notice of Evidence Deposition |
| 09/20/04 | filed. (cc) |
| 09/20/04 | --------------------------------------------------------------- |
| 09/23/04 | Motion to STrike Notice of Discovery Deposition filed. (cc) |
| 09/23/04 | --------------------------------------------------------------- |
| 09/23/04 | Docket from 9-23-04 entered in error and vacated. (cc) |
| 09/23/04 | --------------------------------------------------------------- |
| 09/28/04 | Parent Amy J. Schneider's Verified Petition to be Named Short Term |
| 09/28/04 | Guardian of the Mother's Two Minor Caucasian Children and for |
| 09/28/04 | Immediate Post Appeal Injunctive Relief and Mother Amy J. Schneider's |
| 09/28/04 | Verified Petition to Terminate Guardianship of Benito Diterlizzi and |
| 09/28/04 | Emergency Motion for Injunctive Relief and Emergency Motion for |
| 09/28/04 | Protective Order Pursuant to the Fourteenth Amendment to the United |
| 09/28/04 | States Constitution filed. (cc) |
| 09/28/04 | --------------------------------------------------------------- |
| 09/29/04 | Interrogatories filed. (cc) |
| 09/29/04 | --------------------------------------------------------------- |
| 10/15/04 | Notice of Hearing and Certificate of Hearing filed. (Cc) |
| 10/15/04 | --------------------------------------------------------------- |

| | |
|---|---|
| 10/18/04 | Motion of Continue filed. (cc) |
| 10/18/04 | ---------------------------------------------------------------------- |
| 10/21/04 | Mother's REsponse in Opposititon to Kurt Bickes' Motion to Continue |
| 10/21/04 | filed. (cc) |
| 10/21/04 | ---------------------------------------------------------------------- |
| 10/25/04 | Guardian present by Mr. Kurt Bickes. Intervenors present by |
| 10/25/04 | Mrs. Hogan. Guardian ad litem, Mr. Bourey present. Finding by the |
| 10/25/04 | Court that Ms. Schneider has filed a Motion for Substitution of |
| 10/25/04 | Judge based on Affidavit of Prejudice. The matter is referred to |
| 10/25/04 | Presiding Judge John K. Greanias for further proceedings. |
| 10/25/04 | Pretrial allotment of Nov. 9, 2004 is vacated. |
| 10/25/04 | ---------------------------------------------------------------------- |
| 10/26/04 | Motion for Substitution of Judge allotted for hearing. |
| 10/26/04 | Hearing set for 11/15/2004 at 01:00 in courtroom 3A. |
| 10/26/04 | ---------------------------------------------------------------- |
| 11/15/04 | Amy Schneider present. Attorney Kurt Bickes present for Benito |
| 11/15/04 | Diterlizzi, a minor. Attorney James Jackson, Intervenor in |
| 11/15/04 | Case 93-P-366, present for Karen Coates and Dan Coates. Attorney |
| 11/15/04 | Andrew Bourey, GAL, present. Called for hearing on Parent Amy |
| 11/15/04 | Schneider's Leave for Motion for Substitution of Judge for Cause and |
| 11/15/04 | Change of Venue. Arguments of parties presented. Motion for |
| 11/15/04 | Substitution of Judge is taken under advisement until 1:30 P.M., |
| 11/15/04 | November 18, 2004. |
| 11/15/04 | ---------------------------------------------------------------------- |
| 11/22/04 | Motion for Substitution of Judge continued under advisement until |
| 11/22/04 | this date to allow the court to review the pleadings and consider |
| 11/22/04 | the arguments and legal authorities presented at the hearing on |
| 11/22/04 | 11/15/04. Court finds that Amy Joan Schneider has not filed a |
| 11/22/04 | motion for substitution of judge in this cause. Court further finds |
| 11/22/04 | that this cause was presented to the court concurrently with cause |
| 11/22/04 | 93-P-366 in which a motion for substitution of judge was filed and |
| 11/22/04 | argued on the merits of the motion on 11/15/04, and the parties |
| 11/22/04 | to_both proceedings were under the mistaken belief that a motion |
| 11/22/04 | for substitution of judge had been filed in this cause. In the |
| 11/22/04 | discretion of the court, the court will consider the substitution |
| 11/22/04 | of_judge motion as filed in this cause in the same form as the |
| 11/22/04 | motion paper in 93-P-366. The court finds that Amy Joan Schneider |
| 11/22/04 | has failed to demonstrate cause for substitution of judge. |
| 11/22/04 | The motion of Amy Joan Schneider for substitution of judge for |
| 11/22/04 | cause is denied. Court further finds that Amy Joan Schneider's |
| 11/22/04 | motion paper is not legally sufficient to raise the issue of |
| 11/22/04 | change of venue from the Circuit Court in Macon County and no |
| 11/22/04 | ruling on the issue of venue is necessary or appropriate. |
| 11/22/04 | Cause returned to the docket of Judge Albert G. Webber for all |
| 11/22/04 | further proceedings. |
| 11/22/04 | ---------------------------------------------------------------------- |

| | |
|---|---|
| 11/24/04 | Affidavit and Petition for Interim Guardian Ad Litem Fees filed. (cc) |
| 11/24/04 | -------------------------------------------------------------------- |
| 11/30/04 | Notice of Pretrial Conference filed. (cc) |
| 11/30/04 | -------------------------------------------------------------------- |
| 12/07/04 | Notice of Hearing filed. (cc) |
| 12/07/04 | -------------------------------------------------------------------- |
| 12/13/04 | Petitioner Amy J. Schneider's Second Amended Motion for Subsitition |
| 12/13/04 | of_Judge as of Right, Jurat, Certificate of Service and Mother Amy |
| 12/13/04 | J._Schneider's Motion to Reconsider November 22, 2004 Ruling Regarding |
| 12/13/04 | -------------------------------------------------------------------- |
| 12/13/04 | Substitution of Judge in this Case filed. (cc) |
| 12/20/04 | ------------------------------------------------------------- |
| 12/20/04 | Amy Schneider present. Attorney Kurt Bickes present for Benito |
| 12/20/04 | Diterlizzi. Attorey James Jackson, present for Intervenor. |
| 12/20/04 | Guardian ad litem, Mr. Andrew Bourey present. Cause called for |
| 12/20/04 | hearing on Petitioner's Supplemental Motion for Substitution of |
| 12/20/04 | Judge, as of Right, Section 2-001 Motion. |
| 12/20/04 | Finding by the Court that Petitioner's Motion in Regard to Judge |
| 12/20/04 | Diamond for Substitution as of Right was granted on Dec. 5, 2003. |
| 12/20/04 | Petitioner's Motion is therefore denied. Cause called for hearing on |
| 12/20/04 | Interim Petition for Fees filed by the Guardian ad litem, Mr. Andrew |
| 12/20/04 | Bourey. Witness sworn; evidence heard. The Petition for Interium |
| 12/20/04 | Attorney Fees of the Guardian ad litem is allowed in the amount of |
| 12/20/04 | $2,650.00. Further finding by the Court, that this amount was |
| 12/20/04 | incurred at the instance of the Petitioner and court appearances, |
| 12/20/04 | therefore, Ms. Schneider to pay on/before Feb. 28, 2005. |
| 12/20/04 | Review set for 02/28/2005 at 09:30 in courtroom 6B. |
| 12/20/04 | -------------------------------------------------------------------- |
| 12/29/04 | Pre-trial motions set for 01/04/2005 at 01:30 in courtroom 6B. |
| 12/29/04 | -------------------------------------------------------------------- |
| 01/10/05 | Mother Amy J. Schneider's Verified Emergency Petition to Terminate |
| 01/10/05 | Guardianship of Benito Diterlizzi and Emergency Motion for Injunctive |
| 01/10/05 | Relief and Emergency Motion for Protective Order Pursuant to the |
| 01/10/05 | Fourteenth Amendment to the United States Constitution, Mother Amy |
| 01/10/05 | J._Schneider's Motion to Vacate and Reconsider the December 20, 2004 O |
| 01/10/05 | Order Regarding the Mother Being Ordered to Pay Andrew Bourey after |
| 01/10/05 | Andrew Bourey was Appointed by Kurt Bickes and Testified Against the |
| 01/10/05 | Mother in Another Different and Distinct Civil Proceeding Whick is |
| 01/10/05 | Part of a Conspiracy to Exceed the Probate Court's Jurisdiction and to |
| 01/10/05 | Deprive the Mother of Her Fourteenth Amendment Parental Rights and |
| 01/10/05 | Rights to a Parent and Child Relationship with the Mother's Two Minor |
| 01/10/05 | Caucasian Children, Mother's Verified Emergency Amended Petition to |
| 01/10/05 | Define and Clarify Guardianship, Guardianship Agreement, and |
| 01/10/05 | Expiration of Guardianship Agreement or in the Alternative to be |
| 01/10/05 | Named Successor Guardian of Joshua Sliney and Kaela Sliney's Persons |
| 01/10/05 | and Estates and Mother's Verified Emergency Motion for Judgment on the |

| | |
|---|---|
| 01/10/05 | Pleadings filed. (cc) |
| 01/10/05 | ---------------------------------------------------------------------- |
| 01/18/05 | Parent Amy J. Schneider's Emergency Verified Petition to Remove |
| 01/18/05 | Guardian Benito Diterlizzi for Cause and Malfeasance Under Illinois |
| 01/18/05 | Statue Act 5 Probate Act of 1975 Article XXIII 23-2 Prohibiting the |
| 01/18/05 | Transfer of Guardianship Past the Newly Legislated March 30, 2004, |
| 01/18/05 | Illinois Fourth District Court of Appeals Mandated Perion of "One |
| 01/18/05 | Year" filed. (cc) |
| 01/18/05 | ---------------------------------------------------------------------- |
| 01/19/05 | Parent Amy J. Scheider's Verified Emergency Petition to be Named |
| 01/19/05 | Short Term Guardian of Her Two Minor Caucasian Children, Parent Amy J. |
| 01/19/05 | Schneider's Verified Emergency Motion to Define Guardianship and for |
| 01/19/05 | Rule to Show Cause, Parent Amy J. Schneider's Verified Emergency |
| 01/19/05 | Motion to Immediately Return the Mother's Two Minor Children, Amy J. |
| 01/19/05 | Schneider's Verified Emergency Motion to Clarify this Court's Subject |
| 01/19/05 | Matter Jurisdiction & Payment of Child Support, Memorandum In Support |
| 01/19/05 | of_Mother's Verified Emergency Bill of Injunction to Return |
| 01/19/05 | Petitioner's Two Minor Children, Mother Amy J. Schneider's Verified |
| 01/19/05 | Emergency Petition to Terminate Guardianship of Benito Diterlizzi, |
| 01/19/05 | Mother's Verified Emergency Motion to Dismiss the Petition of Dan and |
| 01/19/05 | Karen Coates for Custody/Guardianship of Two the Mother's Children, |
| 01/19/05 | Determination of Mother's Parental Status and for Immediate Injunctive |
| 01/19/05 | Relief and Parent Amy J. Schneider's verified Emergency Motion to |
| 01/19/05 | Define and Clarify This Court's Jurisdiction and Authority to Grant |
| 01/19/05 | Care Custody and Control of the Mother's Children to Unidentified |
| 01/19/05 | Short Term Guardians Past the Fourth District Mandated Period of One |
| 01/19/05 | Year, to Hold the Mother's Children in Texas for 24 Months While |
| 01/19/05 | Permitting the Guardian to Maintain His Guardianship and to Violate |
| 01/19/05 | Illinois Statute and this Court on August 9, 2004 Citing the Authority |
| 01/19/05 | Vested to this Court by the Fourth District Court's March 30, 2004 |
| 01/19/05 | Opinion Giving this Court the Discretion to Supersede and Disregard th |
| 01/19/05 | the Mother's Constitutional Parental Rights, the Language of the |
| 01/19/05 | Controlling Statutes and Mandates of the Illinois Probate Act, |
| 01/19/05 | Marriage and Dissolution Act, and Uniform Child Custody Act filed.(cc) |
| 01/19/05 | ---------------------------------------------------------------------- |
| 01/21/05 | Notice of Hearing filed. (cc) |
| 01/21/05 | ---------------------------------------------------------------------- |
| 01/27/05 | Phone communications from Ms. Schneider. Cause alloted for half |
| 01/27/05 | hour hearing. Ms. Schneider to give notice. |
| 01/27/05 | Motion hearing set for 02/18/2005 at 01:30 in courtroom 6B. |
| 01/27/05 | ---------------------------------------------------------------------- |
| 01/28/05 | Notice to Appear and Produce filed. (cc) |
| 01/28/05 | ---------------------------------------------------------------------- |
| 01/31/05 | Parent Amy J. Schneider's Emergency Motion for Leave to Take the |
| 01/31/05 | Telephonic Evidence Deposition of Judge Webber's Conterfeit Guardian |
| 01/31/05 | Benito Diterlizzi and Jurat filed. (cc) |

| | |
|---|---|
| 01/31/05 | ---------------------------------------------------------------- |
| 02/01/05 | Motion to Srike Notice to Appear and Produce filed. (cc) |
| 02/01/05 | ---------------------------------------------------------------- |
| 02/02/05 | Recommendation of Guardian Ad Litem on behalf of Kaela and |
| 02/02/05 | Joshua Sliney filed. (cc) |
| 02/02/05 | ---------------------------------------------------------------- |
| 02/02/05 | Amy Schneider present. Guardian present by Mr. Kurt Bickes. |
| 02/02/05 | Intervenors, Karen Coates and Dan Coates present by Mr. James |
| 02/02/05 | Jackson. Guardian ad litem, Mr. Andrew Bourey, present. |
| 02/02/05 | On_the Court's own motion, this cause is dismissed and stricken. |
| 02/02/05 | Allotment of Feb. 18, 2005 is vacated. |
| 02/02/05 | Allotment of Feb. 28, 2005 is vacated. |
| 02/02/05 | ---------------------------------------------------------------- |
| 03/07/05 | Notice of Filing and Notice of Appeal filed. (cc) |
| 03/07/05 | ---------------------------------------------------------------- |
| 03/07/05 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 03/07/05 | ---------------------------------------------------------------- |
| 03/08/05 | Parent Amy J. Schneider's Response to Andrew Bourey's Recommendations |
| 03/08/05 | on_Behalf of the Mother's Two Minor Caucasian Children and Emergency |
| 03/08/05 | Motion to Strike the Recommendations and Replace Andrew Bourey filed. |
| 03/08/05 | (cc) |
| 03/08/05 | ---------------------------------------------------------------- |
| 03/09/05 | Certified Returned Receipts filed. (cc) |
| 03/09/05 | ---------------------------------------------------------------- |
| 03/09/05 | Mother's memorandun in Support of Petition to be Namec Guardian of the |
| 03/09/05 | Mother's Two Minor Caucasian Children and to Terminate the |
| 03/09/05 | Guardianship of Karen Coates filed. (cc) |
| 03/09/05 | ---------------------------------------------------------------- |
| 03/10/05 | Correspondence and Docketing Statement filed. (cc) |
| 03/10/05 | ---------------------------------------------------------------- |
| 04/27/05 | Amended Notice of Removal filed within 93-P-366 filed. (cc) |
| 04/27/05 | ---------------------------------------------------------------- |
| 04/29/05 | The Mother Amy Joan Schneider's Memorandum of Law in Support of |
| 04/29/05 | Emergency Motion for Stay of Proceedings filed within 93-P-366 |
| 04/29/05 | filed. (cc) |
| 04/29/05 | ---------------------------------------------------------------- |
| 05/02/05 | Motion to Reconsider Removal and Dismissal of Civil Action, |
| 05/02/05 | Memorandum in Support of Motion to Reconsider Removal and Dismissal |
| 05/02/05 | of_Civil Action and Notice of Filing filed within 93-P-366 filed. (cc) |
| 05/02/05 | ---------------------------------------------------------------- |
| 05/11/05 | Notice of Filing filed within 93-P-366 filed. (cc) |
| 05/11/05 | ---------------------------------------------------------------- |
| 05/16/05 | Correspondence from Amy J. Schneider filed within 93-P-366 filed.(cc) |
| 05/16/05 | ---------------------------------------------------------------- |
| 05/20/05 | Notices to Appear and Produce, Mother Amy Joan Schneider's Motion to |
| 05/20/05 | Disqualify Special Self-Appointed Privately Paid Prosecutor and Third |

| | |
|---|---|
| 05/20/05 | Party Defendant Kurt B. Bickes and Mother Amy Joan Schneider's Motion |
| 05/20/05 | to_Continue June 2, 2005 Hearing and Motion for Stay of All |
| 05/20/05 | Proceedings filed within 93-P-366 filed. (cc) |
| 05/20/05 | ------------------------------------------------------------------- |
| 05/25/05 | Notice to Appear and Produce filed within 93-P-366 filed. (cc) |
| 05/25/05 | ------------------------------------------------------------------- |
| 05/26/05 | Notice of Evidentiary Deposition filed within 93-P-366 filed. (cc) |
| 05/26/05 | ------------------------------------------------------------------- |
| 05/27/05 | Motion to Strike and/or Dismiss Mother Amy Joan Schneider's Motion to |
| 05/27/05 | Disqualify Special Self-Appointed Privately Paid Prosecutor and |
| 05/27/05 | Third Party Defendant Kurt B. Bickes filed. (cc) |
| 05/27/05 | ------------------------------------------------------------------- |
| 05/31/05 | Notice of Hearing filed within 93-P-366 filed. (cc) |
| 05/31/05 | ------------------------------------------------------------------- |
| 06/01/05 | Notice of Hearing filed within 93-P-366 filed. (cc) |
| 06/01/05 | ------------------------------------------------------------------- |
| 06/02/05 | Notice of Hearing and Mother's Verified Petition for Immediate |
| 06/02/05 | Injunctive Relief and Order for Surety Bond filed within 93-P-366 |
| 06/02/05 | filed. (cc) |
| 06/02/05 | ------------------------------------------------------------------- |
| 06/08/05 | Petitioner's Response to Motion to Quash Summonses filed within |
| 06/08/05 | 93-P-366 filed. (cc) |
| 06/08/05 | ------------------------------------------------------------------- |
| 06/09/05 | Mandate from Appellate Court filed. (cc) |
| 06/09/05 | ------------------------------------------------------------------- |
| 06/20/05 | Notice of Filing of the Evidentiary Deposition of Robert S. Hamilton |
| 06/20/05 | MD_filed within 93-P-366 filed. (cc) |
| 06/20/05 | ------------------------------------------------------------------- |
| 09/27/05 | Correspondence to Mr. Bickes from AMy Schneider filed witin 93-P-366 |
| 09/27/05 | filed. (cc) |
| 09/27/05 | ------------------------------------------------------------------- |
| 10/18/05 | Notice of Hearing filed. (cc) |
| 10/18/05 | ------------------------------------------------------------------- |
| 11/03/05 | Parent Amy J. Schneider's November 2, 2005 Emergency Motion for |
| 11/03/05 | Substitution of Judge For Cause filed. (cc) |
| 11/03/05 | ------------------------------------------------------------------- |
| 11/04/05 | Parent Amy J. Schneider's November 2, 2005 Emergency Motion for |
| 11/04/05 | Substitution of Judge For Cause dismissed on the Court's own motion |
| 11/04/05 | for failure ot comply with 735 ILCS 5/2-1001(a)(3)(ii). |
| 11/04/05 | CLERK directed to send a copy of this docket entry to Ms. Schneider |
| 11/04/05 | and counsel of record. |
| 11/04/05 | ------------------------------------------------------------------- |
| 11/04/05 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 11/04/05 | ------------------------------------------------------------------- |
| 11/07/05 | Notice of Filing, Notice of Appeal, Parent Amy Joan Schneider's |
| 11/07/05 | November 5, 2005 Emergency Motion for Substitution of Judge for |

| | |
|---|---|
| 11/07/05 | Cause and Correspondence from Amy J. Schneider filed. (cc) |
| 11/07/05 | ------------------------------------------------------------------- |
| 11/07/05 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 11/07/05 | ------------------------------------------------------------------- |
| 11/08/05 | Correspondence from Amy J. Schneider filed within 93-P-366 filed.(cc) |
| 11/08/05 | ------------------------------------------------------------------- |
| 11/08/05 | Correspondence from Amy J. Schneider filed within 93-P-366 filed. (cc) |
| 11/08/05 | ------------------------------------------------------------------- |
| 11/14/05 | Circuit Clerk's Certificate of Mailing filed. (cc) |
| 11/14/05 | ------------------------------------------------------------------- |
| 11/15/05 | Copies of Correspondence from Amy J. Schneider filed within 93-P-366 |
| 11/15/05 | filed. (cc) |
| 11/15/05 | ------------------------------------------------------------------- |
| 11/15/05 | Correspondence from Amy J. Schneider filed. (cc) |
| 11/15/05 | ------------------------------------------------------------------- |
| 12/05/05 | Correspondence from Amy Schneider and Motion by Petitioner to Expedite |
| 12/05/05 | Consideration of Petition for Leave to FIle Writ of Prohibition filed |
| 12/05/05 | within 93-P-366 filed. (cc) |
| 12/05/05 | ------------------------------------------------------------------- |
| 12/14/05 | Correspondence from Appellate Court filed. (cc) |
| 12/14/05 | ------------------------------------------------------------------- |
| 01/09/06 | Correspondence from Appellate Court filed. (cc) |
| 01/09/06 | ------------------------------------------------------------------- |
| 02/03/06 | Mandate from the Appellate Court filed. (cc) |
| 02/03/06 | ------------------------------------------------------------------- |

Top

Copyright © 2004 Macon County, Illinois. All Rights Reserved. **Disclaimer** Co